■ HELEN J. BADENHOP, Respondent, v ROBERT W. BADENHOP et al., Appellants. — In an action, *inter alia,* for divorce, the defendants appeal from so much of an order of the Supreme Court, Nassau County (Pantano, J.), dated

March 25, 1981, as determined that the court had acquired jurisdiction over them and enjoined defendant Robert W. Badenhop from divesting himself of any and all assets during the pendency of the action. Order reversed insofar as appealed from, on the law, without costs or disbursements; it is determined that jurisdiction has not been acquired over defendants and the injunction is vacated. Plaintiff Helen Badenhop and defendant Robert Badenhop were married on September 4, 1952. There are five children of the marriage presently living, who reside with the wife. Defendant Robert Badenhop moved to the United States Virgin Islands on April 23 or 24, 1980, although he returned to the United States in June, 1980 and remained until the first week of November, 1980 to preside over the sale of his business. In April, 1980 he transferred unencumbered title to his home in Mattituck, New York, to the codefendant Esther Di Gioia, and on July 1, 1980 he transferred 70% interest in a $320,000 mortgage which he held to Di Gioia. On March 4, 1981 Robert Badenhop obtained a judgment of divorce in the United States Virgin Islands and he married Esther Di Gioia in the Virgin Islands immediately thereafter. In January, 1981 plaintiff Helen Badenhop attempted to institute divorce proceedings in New York, but found that personal delivery of the summons could not be made upon defendants in this State. Plaintiff then prepared and submitted for signature an order directing defendants to show cause why, among numerous other requests for relief, an order should not be made and entered "(1) [d]irecting that service of the within order to show cause together with the supporting papers and the summons and verified complaint in the above-captioned action be made on said defendants by mailing of same, together with a copy of this order, to their last known addresses" and (2) enjoining the defendant Robert Badenhop from transferring or divesting himself of any and all assets. The order to show cause was signed on February 6, 1981 at Special Term, Part V (McCaffrey, J.), and contained the following language: "Sufficient cause appearing therefor, let service of a copy of this order and the papers upon which it is based, *including the Summons and Complaint* by regular mail *addressed to defendant[s] [at three locations in Nassau and Suffolk Counties,* be made] upon the defendants" (emphasis added). The emphasized material was handwritten and added by Justice McCaffrey before he signed the order to show cause. On this appeal, defendants argue that Justice McCaffrey wished to indicate that the summons and complaint were to be included as supporting papers and that he was not authorizing service upon them. CPLR 308 (subd 5) authorizes the service of a summons "in such manner as the court, upon motion *without notice,* directs" (emphasis added). The plaintiff, however, included a request for an order authorizing substituted service of the summons pursuant to CPLR 308 (subd 5) among the other relief which she sought in her motion brought on by the order to show cause signed by Justice McCaffrey. By doing so she unnecessarily made that request for substituted service the subject of a contested motion on notice (see CPLR 2211). A request for substituted service under CPLR 308 (subd 5) is to be made and determined ex parte upon affidavits which establish that service is impracticable under subdivisions 1, 2 and 4 of that section. The procedure utilized here has created confusion as to whether the language quoted above, which was added to the order to show cause by Justice McCaffrey, was intended as authorization to commence the action by substituted service or whether the summons and complaint were intended to be annexed thereto merely as exhibits. We have reviewed the papers and find that the circumstances of this case were not appropriate for the use of CPLR 308 (subd 5). Defendant Robert Badenhop has been living in the United States Virgin Islands continuously since November, 1980. At the time plaintiff attempted personal delivery of the summons pursuant to CPLR 308 (subd 1) at the

various Long Island addresses in January, 1981, defendant Badenhop's Virgin Islands address had already appeared on the support checks sent to plaintiff. Although there is evidently no direct mail service to that address, defendant Badenhop, by letter dated November 7, 1980, had also given plaintiff a mailing address. Given these facts, service should have been attempted at the Virgin Islands address pursuant to CPLR 302 (subd [b]) and 313. Under the language of CPLR 308 (subd 5), service of process by mail can be authorized by the court if "service is impracticable under paragraphs one, two and four of this section." Plaintiff has not shown this to be the case (see *Deason v Deason,* 73 Misc 2d 964; *Prince v Prince,* 69 Misc 2d 410). One visit to each of defendant Di Gioia's Mattituck and Oceanside premises at which no one was home was also insufficient to justify using CPLR 308 (subd 5). As service is held to have been improper, the injunctive relief must also be set aside. Mollen, P. J.,.Damiani, Gibbons and Bracken, JJ., concur.