■ JOHN C. GIORDANO, JR., et al., as Executors of ROBERT J. SCHMERTZ, Deceased, Respondents, v JAMES G. MCMURTRY, Appellant, et al., Defendants. — Order, Supreme Court, New York County (Ryp, J.), entered July 31, 1981, which granted defendant-appellant McMurtry's motion to reargue but adhered to the original decision, dated September 18, 1980, with minor modifications, reversed, on the law, and the motion to dismiss the complaint granted, without costs. Appeal from order, Supreme Court, New York County (Ryp, J.), entered October 30, 1980, which amended an order filed October 16, 1980 holding in abeyance McMurtry's motion to confirm the referee's report and dismiss the complaint and directing that a further traverse hearing be held, unanimously dismissed as superseded by the appeal from the aforesaid order entered July 31, 1981, without costs. This is a medical malpractice action to recover for the death of plaintiff's decedent, which was previously remanded by this court (72 AD2d 507) for a hearing to determine the circumstances in which the alleged service of process was made. The holding in the companion case of *Giordano v McMurtry* (79 AD2d 548, affd 53 NY2d 962), is dispositive of this appeal. Special Term has no power to direct service pursuant to CPLR 308 (subd 5) without a showing that service pursuant to CPLR 308 (subds 1, 2 or 4) was attempted or was impracticable. Plaintiffs have made no such showing. Concur — Sullivan, Carro and Silverman, JJ.

Murphy, P. J., concurs in a memorandum as follows: This matter was remanded for a hearing to determine, *inter alia,* whether defendant McMurtry gave his consent to permit a hospital administrator, named Tuxbury, to accept service on his behalf (72 AD2d 507). The special referee found that there was no evidence that defendant McMurtry had given such consent. It should be stressed that the special referee denied plaintiffs' request for a continuance of the hearing so that Tuxbury could be subpoenaed to testify on the issue of consent. Upon the motion to confirm, Special Term found that plaintiffs should have been given the opportunity to call Tuxbury and the matter was remanded to the special referee. Subsequently, Special Term granted defendant McMurtry's motion for reargument but, upon reargument, it adhered to its original determination. Upon their appeal, defendant McMurtry relies upon a decision in an earlier appeal taken in this case by defendant Carmel (79 AD2d 548, affd 53 NY2d 962). In the Carmel appeal another special referee had found that defendant Carmel had given permission over the telephone to administrator Tuxbury to accept process from process server Burns. Nonetheless, this court found that service had not been effected under CPLR 308 (subd 5) (substituted service) because plaintiffs had not shown that service had been attempted and

was impracticable under CPLR 308 (subds 1, 2 and 4). The Court of Appeals affirmed, without opinion, this court's dismissal of the complaint as against defendant Carmel. Based upon the controlling law developed in the Carmel appeal, I now vote under constraint to reverse and to dismiss the complaint as against defendant McMurtry. However, I must note my disagreement with the determination in the Carmel appeal since I believe that an affirmance is the correct disposition of this appeal. The First Department has found that a physician may be personally served under CPLR 308 (subd 1), through service upon his authorized agent, such as his secretary or a nurse (*Conforti v Beekman Downtown Hosp.*, 79 AD2d 968; *Sparacino v Winner,* 82 AD2d 753; see, also, McLaughlin, Supplementary Practice Commentary, McKinney's Cons Laws of NY, Book 7B, Pocket Part, CPLR C308:1, p 119). Therefore, plaintiffs in this appeal should have been given an opportunity to demonstrate that Tuxbury had oral permission to accept service on McMurtry's behalf under CPLR 308 (subd 1). It should be emphasized that Special Term did not abuse its discretion in giving plaintiffs the opportunity to call Tuxbury as a witness. The record in this appeal and in McMurtry's prior appeal contains a letter, signed by Tuxbury, that states that defendant McMurtry was called and had given oral permission to Tuxbury to accept the subject summons. Thus, a short continuance was most advisable in order to enable Tuxbury to testify directly upon that point.