■ HARBOR MARINE CONTRACTING CORPORATION, Respondent, v CITY OF NEW ROCHELLE, Defendant, and NATIONAL BONDING AND ACCIDENT INSURANCE COMPANY, Appellant. JOE LORE CONTRACTING CO., INC., Defendant and Third-Party Plaintiff-Appellant; HARBOR MARINE CONTRACTING CORPORATION et al., Third-Party Defendants-Respondents (And a Second Third-Party Action). — In an action to, *inter alia,* recover damages for breach of contract, the defendants Joe Lore Contracting Co., Inc., and National Bonding and Accident Insurance Company appeal from stated portions of a judgment of the Supreme Court, Westchester County (Marbach, J.), dated March 11, 1982, which, after a nonjury trial, *inter alia,* was in favor of the plaintiff and against defendant Joe Lore Contracting Co., Inc., in the principal sum of $41,580.45. Judgment affirmed, with costs. The evidence supports the Trial Judge's findings and conclusions. Mollen, P. J. Titone, Weinstein and Rubin, JJ., concur.

■ THERESA INGLESIAS, as Administratrix of the Estate of MICHAEL INGLESIAS, Deceased, Respondent, v BAPTIST MEDICAL CENTER et al., Defendants, and MARCIA PHER, Appellant. — In a medical malpractice action, defendant Pher (sued herein as Pher) appeals from an order of the Supreme Court, Kings County (Dowd, J.), dated October 21, 1982, which granted the part of plaintiff's motion that sought authorization for expedient service upon her pursuant to CPLR 308 (subd 5), and dismissed said defendant's affirmative defense of lack of jurisdiction. Order reversed, with costs, and action remitted to Special Term for further proceedings consistent herewith. Special Term erred in authorizing service upon appellant pursuant to CPLR 308 (subd 5) in the absence of a proper showing by the plaintiff that service upon her was "impracticable" under CPLR 308 (subds 1, 2, 4) (see *Booth v Lipton,* 87 AD2d 856). Whether plaintiff's initial attempt at service complied with the requirements of CPLR 308 (subd 2) should await resolution of contested facts at a traverse hearing concerning service on a person of suitable age and discretion and mailing of a copy of the summons to appellant's last known residence (see *Stylianou v Tsourides,* 73 AD2d 642; *Giordano v McMurtry,* 72 AD2d 507). Titone, J. P., Lazer, Thompson and Weinstein, JJ., concur.

■ LONG ISLAND TRUST COMPANY, Respondent, v WESTBURY DONUTS, INC., Defendant, and GLORIA MORRISON et al., Appellants. — In an action to recover on a promissory note, defendants Gloria Morrison, Bapajo, Ltd., and Donut Queen, Ltd., appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County (Velsor, J.), dated June 14, 1982, as granted plaintiff a counsel fee in the sum of $12,500. Judgment modified, on the facts and as a exercise of discretion, by reducing the amount awarded as a counsel fee therein to $9,000. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. The award of counsel fees was excessive to the extent indicated. Damiani, J. P., Mangano, Gibbons and Gulotta, JJ., concur.