■ Jose R. Villanueva, Appellant, v Raymond Muniz et al., Respondents.—In a proceeding, *inter alia,* for permission pursuant to CPLR 308 (5) to commence an action against a tort-feasor by service of a summons and complaint upon the Motor Vehicle Accident Indemnification Corporation (hereinafter MVAIC), or in the alternative, for permission to commence a direct action against MVAIC pursuant to Insurance Law § 5218, the petitioner appeals from a judgment of the Supreme Court, Kings County (Williams, J.), dated September 18, 1986, which denied the application.

Ordered that the judgment is affirmed, with costs.

The record fails to establish that the underlying incident was a hit-and-run accident in which the identity of the offending vehicle and that of the owner and operator was unknown or not readily ascertainable through reasonable efforts. Accordingly, the Supreme Court correctly found that there was no basis for permitting a direct action against MVAIC *(see,* Insurance Law § 5218 [a], [b] [5]; *Cudahy v MVAIC,* 36 AD2d 717). With regard to the request for an order permitting expedient service upon the defendant tort-feasor Raymond Muniz by service upon MVAIC, we cannot say that on this record the court abused its discretion in denying permission (CPLR 308 [5]). The petitioner failed to set forth what efforts had been made to ascertain the whereabouts of Muniz—other than a visit to an address which he had provided some 5½ years earlier—or explain why other methods of service would

be impracticable (see, Markoff v South Nassau Community Hosp., 61 NY2d 283, 286). Moreover, even if the petitioner had made an adequate showing to establish the need for an expedient method of service of process, we find no authority for permitting service in these circumstances upon MVAIC alone without any provision for service on, or notice to, the defendant tort-feasor Muniz (cf., Dobkin v Chapman, 21 NY2d 490). Although MVAIC, where properly notified, is authorized by statute to defend an action against a defaulting uninsured motorist (Insurance Law § 5209), that statute apparently contemplates that an action has already been commenced against the motorist and does not authorize the commencement of an action by serving MVAIC. Mangano, J. P., Brown, Lawrence and Sullivan, JJ., concur.