■ JOHN FRANCHIDO, Respondent, v AKIF ONAY, Appellant, et al., Defendant.—In an action to recover damages for personal injuries and injury to property, the defendant Akif Onay appeals from an order of the Supreme Court, Kings County

(Golden, J.), dated January 13, 1988, which granted the plaintiff's motion for authorization to serve him pursuant to CPLR 308 (5).

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is dismissed insofar as it is asserted against the appellant.

The plaintiff's complaint alleges that, on December 3, 1984, he was involved in a motor vehicle accident with a car owned by the appellant. On November 12, 1987, the plaintiff moved pursuant to CPLR 308 (5) for authorization to use expedient service. The plaintiff's attorney's affidavit indicated that there had been an unsuccessful attempt to personally serve the appellant at 2746 Ford Street, Brooklyn, New York, the address which appeared on the accident report prepared by the police. In addition, the plaintiff's attorney alleged that, based upon information provided by the United States Postal Service, personal service was also attempted at a new address for the appellant at 3001 Shore Parkway, Brooklyn, New York, but that attempt had also been unsuccessful.

In an affirmation in opposition to the motion dated November 25, 1987, the appellant's attorney indicated that personal service could be made upon the appellant at his present residence, 860 East 27th Street, Brooklyn, New York. However, in a reply affidavit, the plaintiff's attorney stated that a subsequent attempt to serve the appellant at that address had been unsuccessful.

We find that the Supreme Court improvidently exercised its discretion in granting relief pursuant to CPLR 308 (5) in the absence of a proper showing by the plaintiff, in the first instance, that service upon the appellant was impracticable under CPLR 308 (1), (2) or (4) (see, Inglesias v Baptist Med. Center, 94 AD2d 738; Giordano v McMurtry, 90 AD2d 451; Booth v Lipton, 87 AD2d 856). The plaintiff's attorney merely made conclusory statements as to the inquiries made to determine the appellant's address. The plaintiff's attorney referred to handwritten notations on forms of a process server company. However, no evidence was presented to show the meaning of the notations or who had written them. In addition, no affidavits of service from the process servers who allegedly attempted service at the first two addresses were provided. The sole affidavit of service in the record described merely one attempt to serve the appellant at the address provided by his attorney.

The plaintiff failed to set forth and substantiate factual

allegations as to the steps taken to effect service pursuant to the prescribed methods under CPLR 308 (1), (2) and (4). In view of the plaintiff's knowledge of the correct address of the appellant and absent a detailed showing that service was "impracticable" under CPLR 308 (1), (2) and (4), the plaintiff did not sustain his burden of proving entitlement to expedient service pursuant to CPLR 308 (5) *(see, Markoff v South Nassau Community Hosp.,* 91 AD2d 1064, 1065, *affd* 61 NY2d 283; *Villanueva v Muniz,* 136 AD2d 546; *cf., Saulo v Noumi,* 119 AD2d 657). Kunzeman, J. P., Rubin, Spatt and Balletta, JJ., concur.