■ ANTHONY PARISI, Appellant, v JOSEPH FRETTA et al., Respondents.—In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Richmond County (Amann, J.), entered May 13, 1988, which, upon granting the defendants' cross motion to dismiss the action for lack of in personam jurisdiction in an order dated March 9, 1988, is in favor of the defendants and against him.

Ordered that the judgment is affirmed, with costs.

On or about February 14, 1985, the plaintiff attempted service pursuant to Vehicle and Traffic Law §§ 253 and 254

upon the defendants by delivery of the summons and verified complaint to the Secretary of State and by mailing proof of service by certified mail to the defendants at their residence in Florida. The plaintiff concedes that the two-step method of service prescribed by Vehicle and Traffic Law §§ 253 and 254 has no application at bar because the motor vehicle accident at issue occurred in New Jersey *(see, Cosgrove v Weierman,* 3 AD2d 940). Nevertheless, the plaintiff argues that the Supreme Court should have authorized expedient service pursuant to CPLR 308 (5) nunc pro tunc to the date of the original service.

An authorization for expedient service must be supported by a showing that service upon the defendants was impracticable under CPLR 308 (1), (2) and (4), which provide for service by personal delivery, delivery and mailing, and nailing and mailing, respectively. The plaintiff failed to meet the impracticability requirement of CPLR 308 (5) *(see, Bissinger v DiBella,* 141 AD2d 595; *Booth v Lipton,* 87 AD2d 856; *Giordano v McMurtry,* 79 AD2d 548, *affd* 53 NY2d 962; *cf., Saulo v Noumi,* 119 AD2d 657). Although the plaintiff possessed the defendants' Florida address, he made no showing that he attempted to make service upon the defendants at that address by any method prescribed by CPLR 308, or that such service was impracticable *(see, Badenhop v Badenhop,* 84 AD2d 771). Nor does the fact that the defendants had actual notice of the action preserve the viability of the action, since the plaintiff failed in the first instance to comply with the statute *(see, Markoff v South Nassau Community Hosp.,* 61 NY2d 283, 288). Accordingly, the Supreme Court properly exercised its discretion in refusing to issue an order authorizing expedient service nunc pro tunc and in dismissing the action for lack of personal jurisdiction over the defendants. Thompson, J. P., Rubin, Sullivan and Rosenblatt, JJ., concur.