■ Hortencia Rivera, Respondent, v Valerie Mazzola, Appellant, et al., Defendant.—In an action to recover damages for personal injuries, the defendant Valerie Mazzola appeals

from an order of the Supreme Court, Suffolk County (Copertino, J.), dated April 20, 1989, which denied her motion to vacate a prior ex parte order of the same court (Jones, J.), dated June 30, 1988, granting the plaintiff leave to make personal service upon her pursuant to CPLR 308 (5).

Ordered that the order is reversed, on the law and the facts, with costs, the motion is granted, the complaint is dismissed insofar as it is asserted against the defendant Mazzola, and the action against the remaining defendant is severed.

The plaintiff sued the defendant Valerie Mazzola, to recover damages for personal injuries she allegedly sustained when the vehicle in which she was a passenger collided with the vehicle driven by Mazzola. At the time of the accident Mazzola resided in Brentwood, New York, but she subsequently moved to California. Prior to the commencement of this action, Mazzola had already been sued by a different plaintiff in connection with the same automobile accident. The plaintiff in that action was represented by the same law firm as represents the plaintiff in this action.

At issue on appeal is the propriety of the grant of the plaintiff's ex parte application pursuant to CPLR 308 (5) for leave to make expedient service on the grounds that Mazzola's whereabouts were unknown and that service pursuant to CPLR 308 (1), (2) and (4) was impracticable.

Our review of the record discloses that the plaintiff's attorneys were aware of the existence of the related action, as evidenced by the plaintiff's Request for Judicial Intervention. Since the plaintiff's counsel had knowledge of the other action and could have readily obtained the defendant Mazzola's California address from the law firm's own files, and since Mazzola could have been personally served in California pursuant to CPLR 302 (a) (2) and CPLR 313, we conclude that the plaintiff failed to establish the requisite "impracticability" required by CPLR 308 (5) (see, Badenhop v Badenhop, 84 AD2d 771, 773). Accordingly, the order granting leave to make expedient service is vacated and the complaint against the defendant Mazzola is dismissed since personal jurisdiction was never properly obtained over this defendant. Bracken, J. P., Lawrence, Eiber, Harwood and Rosenblatt, JJ., concur.