■ ROBERT ABRAMS, as Attorney-General of the State of New York, Appellant, v BRETT K. LURIE, Individually and as President and Shareholder of B.K.L. MANAGEMENT CORP., Respondent.—Order, Supreme Court, New York County (Stanley Parness, J.), entered March 13, 1991, which vacated an order issued *ex parte* pursuant to General Business Law § 354, allowing service to both out-of-State resident and in-State business by registered mail and overnight express mail, unanimously affirmed, without costs.

The petitioner Attorney-General argues, that actual prior attempts at service pursuant to CPLR 308 (1), (2) or (4) are not an invariable pre-condition to an order permitting expedient service pursuant to CPLR 308 (5) *(Liebeskind v Liebeskind,* 86 AD2d 207, *affd* 58 NY2d 858). It remains a requirement that

some manner of showing be made that a customary method of service is "impracticable". No such showing was made here. Contrary to petitioner's argument before IAS, a customary method of service was not "ruled out" by respondent Lurie's failure "to reside or abide in or maintain an actual place of business within this state" (CPLR 313; *Badenhop v Badenhop,* 84 AD2d 771). Nor is there any showing that respondent's fraudulent conduct had created an emergency situation that a normal method was not competent to preempt. Finally, the argument that a normal method of service in Florida would have constituted "a probable exercise in futility" is, in a word, conclusory.

Thus, expedient service of the General Business Law § 354 order was unwarranted unless, as petitioner argues, service of such an order is not governed by the CPLR because the former does not commence an action but merely directs appearances for depositions and the production of documents. Aside from overlooking that General Business Law § 354 presupposes an official determination by the Attorney-General to commence an action under the Martin Act, and, toward that end, provides for "extraordinary enforcement powers" in the form of *ex parte* injunctive relief *(Matter of First Energy Leasing Corp. v Attorney-General of State of N. Y.,* 68 NY2d 59, 64), this argument is otherwise unconvincing as it does not comport to methods of service utilized on other applications that are unassociated with an action or proceeding. Indeed, as a general rule, all manner of initial process must be served in accordance with CPLR 308, unless the statute specifically provides otherwise.

General Business Law § 354 must be read in conjunction with General Business Law § 355, which provides: "The order [referring to § 354] shall be served upon the person named * * * by delivering to and leaving with him a certified copy thereof". The words "delivering" and "leaving" connote a clear legislative intent that service of a General Business Law § 354 order be made in accordance with CPLR 308 (1); a liberal construction might also permit service in accordance with CPLR 308 (2); a very liberal construction might even permit service in accordance with CPLR 308 (4); but no reasonable construction would permit service by mailing.

The same conclusion would have to be reached even if General Business Law § 355 did not require that a General Business Law § 354 order be delivered and left with the person named therein. General Business Law § 357 provides that the provisions of the CPLR shall apply to "all actions"

brought under the Martin Act except as otherwise provided. A General Business Law § 354 order is closely analogous to both a subpoena and a temporary restraining order, both of which, under the CPLR, must be served in the same manner as a summons (CPLR 2303, 6313 [b]). In the case of a temporary restraining order, the court is expressly empowered to order service otherwise, but it is generally recognized that this power is exercised only when a temporary restraining order is issued in the context of an already pending action (McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C6313:2, at 380). Concur—Sullivan, J. P., Kupferman, Ross, Kassal and Smith, JJ.