■ JEAN-LOUIS SALGADO et al., Respondents, v HERVE SA-NON, Defendant, and STATE FARM INSURANCE COMPANY, Non-

party Appellant.—In an action to recover damages for personal injuries, etc., State Farm Insurance Company appeals from an order of the Supreme Court, Kings County (Irving S. Aronin, J.), dated April 24, 1990, which granted the plaintiffs' motion to compel it to accept service of process on behalf of the defendant, to submit an answer, and to defend the action.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, and the plaintiffs' motion is denied.

In March 1987 the vehicle in which the plaintiffs were riding collided with a vehicle owned and operated by the defendant. The plaintiffs, claiming that they were unable to ascertain the defendant's insurance carrier, sought uninsured motorist benefits under a policy issued to the plaintiff Jean-Louis Salgado by Yasuda Fire and Marine Insurance Co. (hereinafter Yasuda). Thereafter, Yasuda brought a proceeding against the plaintiffs to stay arbitration in the Supreme Court, New York County, and a judgment permanently staying arbitration was granted in its favor. Yasuda apparently moved to stay arbitration on the ground that the defendant was insured by State Farm Insurance Company (hereinafter State Farm). However, the judgment did not include any determination as to State Farm's status as the defendant's insurer. State Farm's claim that it was never served and never appeared in the New York County proceeding is undisputed.

After the stay of arbitration was granted, the plaintiffs attempted to commence an action against the defendant but were unable to effect service. In March 1990 the plaintiffs moved pursuant to CPLR 308 (5) to compel State Farm to accept service on behalf of the defendant, to submit an answer, and to defend the action. The plaintiffs contended that they were unable to locate the defendant and that the New York County proceeding established that State Farm was the defendant's insurance carrier. The court granted the motion, and State Farm appeals.

We find that the court improvidently exercised its discretion in granting the plaintiffs' application for expedient service under CPLR 308 (5), as they failed to establish that service under CPLR 308 (1), (2), or (4) was impracticable *(see, e.g., Franchido v Onay,* 150 AD2d 518; *Villanueva v Muniz,* 136 AD2d 546; *cf., Kropf v King,* 30 AD2d 327). Moreover, the order failed to provide for service on the defendant at his last known address, or notice to the defendant by publication *(see, Villanueva v Muniz, supra).* The plaintiffs' application was

based on the affidavit of a process server who attempted, over two years after the accident, to serve the defendant at the address on the accident report, and ascertained that the defendant did not live there. In addition, the process server checked a Brooklyn telephone directory and consulted the post office for the address listed on the accident report, and ascertained that the defendant left no forwarding address. It is noteworthy that the defendant's address, which was listed on a State Farm notice of cancellation, was different from that listed on the accident report, and no proof was offered that the plaintiffs attempted to contact the defendant through State Farm.

Furthermore, it was error for the court to direct State Farm to defend this action on the defendant's behalf. Inasmuch as State Farm was not joined as a party to the New York County proceeding to stay arbitration, the issue of the validity of its cancellation of the defendant's policy was not determined, and the judgment in that proceeding is not binding upon State Farm (see, Kaufman v Lilly & Co., 65 NY2d 449; Schwarz v Public Adm'r of County of Bronx, 24 NY2d 65). Rosenblatt, J. P., O'Brien, Ritter and Copertino, JJ., concur.