■ MILDRED TETRO, Respondent, v ALBERT TIZOV et al.,

Appellants.—In an action to recover damages for personal injuries, the defendants appeal (1) from an order of the Supreme Court, Nassau County (Colby, J.), dated July 12, 1990, which granted the plaintiff's motion insofar as it was to strike the defendants' second affirmative defense based on lack of personal jurisdiction, and (2), as limited by their brief, from so much of an order of the same court, dated October 19, 1990, as (a) upon renewal, adhered to the original determination, and (b) denied that branch of their motion which was to dismiss the complaint.

Ordered that the appeal from the order dated July 12, 1990, is dismissed, as that order was superseded by the order dated October 19, 1990, made upon renewal; it is further,

Ordered that the order dated October 19, 1990, is reversed insofar as appealed from, on the law, the order dated July 12, 1990, is vacated, that branch of the defendants' motion which was to dismiss the complaint on the ground of lack of personal jurisdiction due to improper service is granted, and the complaint is dismissed; and it is further,

Ordered that the defendants are awarded one bill of costs.

The plaintiff commenced the present action by service of a summons and complaint on January 4, 1990, purportedly pursuant to the terms of CPLR 308 (4). In order to accomplish service pursuant to this statute, the plaintiff's process server affixed copies of the summons and complaint to the door of 179 Birchwood Drive, in Jericho. In their answer, the defendants raised an affirmative defense based on improper service. By letter dated March 22, 1990, the defendants' attorneys informed the attorneys for the plaintiff that 179 Birchwood Drive, Jericho, was not the defendants' "dwelling place or usual place of abode" and that the defendants were in fact residing at Rubenslay 30, Box #7, Antwerp, Belgium.

On or about May 17, 1990, the plaintiff moved to strike the affirmative defense based on improper service, or for permission to effect an "alternative" method of service pursuant to CPLR 308 (5). The defendants opposed this motion, and their attorney affirmed that "[a]t the time of the alleged service, the defendants were living in Belgium". The attorney for the defendants also informed the court that an affidavit to this effect had been sent to his clients, but that it had not been returned in time to submit to the court prior to the return date of the plaintiff's motion.

The court granted the plaintiff's motion insofar as it was to strike the affirmative defense based on improper service, and

did not address the plaintiff's request for alternative relief pursuant to CPLR 308 (5). The defendants moved for leave to renew their opposition to the plaintiff's motion to strike their affirmative defense. This motion also included an application to dismiss the complaint on the basis of lack of personal jurisdiction due to improper service (see, CPLR 3211 [a] [8]). The defendants' motion was supported by an affidavit which had been executed by both defendants, in which they averred that, "in August of 1989, we took up residence at Rubenslay 30, Box #7, Antwerp, Belgium, and this has been our usual place of abode ever since". The court granted renewal, but, upon renewal, adhered to the original determination.

The record establishes that since August 1989, 179 Birchwood Drive, Jericho, has not been the defendants' dwelling place or usual place of abode. Even assuming that this was the defendants' "last known address", the fact remains that the terms of CPLR 308 (4) were not satisfied (see, e.g, Feinstein v Bergner, 48 NY2d 234; Ariowitsch v Johnson, 114 AD2d 184; Esposito v Billings, 103 AD2d 956; Gibson v Salvatore, 102 AD2d 861; 1 Weinstein-Korn-Miller, NY Civ Prac ¶ 308.14).

Further, the plaintiff failed to demonstrate that service in accordance with the methods outlined in the governing statute (CPLR 308 [1], [2], [4]; 313) was "impracticable". Therefore, it is clear that the plaintiff is not entitled to any relief pursuant to CPLR 308 (5). In this case, the defendants' attorneys disclosed their clients' whereabouts to the plaintiff (cf., Saulo v Noumi, 119 AD2d 657). There is no proof that effectuating service by any of the ordinary methods in Belgium would have been unduly burdensome (see, e.g., Rivera v Mazzola, 169 AD2d 827 [ordinary service on the defendant in California not impracticable]; Parisi v Fretta, 151 AD2d 653 [ordinary service on the defendant in Florida not impracticable]; Badenhop v Badenhop, 84 AD2d 771 [ordinary service on defendant in Virgin Islands not impracticable]). That the defendants resided in a foreign country did not, by itself, relieve the plaintiff of her obligation to make a reasonable effort to effectuate service in a customary manner before seeking relief pursuant to CPLR 308 (5) (see, e.g., LTD Trading Enters. v Vignatelli, 176 AD2d 571; see also, Siegel, NY Prac § 75, at 99 [2d ed]).

For these reasons, the court should have denied the plaintiff's original motion in its entirety, and should have granted the branch of the defendants' application which was to dismiss the complaint (see, CPLR 3211 [a] [8]). The order dated October 19, 1990, is accordingly reversed insofar as appealed from,

and the complaint is dismissed. Thompson, J. P., Bracken, O'Brien and Santucci, JJ., concur.