■ MICHAEL ESPOSITO et al., Respondents, v CATHERINE RUGGERIO, Defendant, and LIBERTY MUTUAL INSURANCE COMPANY, Appellant. [598 NYS2d 66] —In an action to recover damages for personal injuries, etc., Liberty Mutual Insurance Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Dowd, J.), dated May 2, 1991, as granted the plaintiffs' motion to compel it to accept service of process on behalf of the defendant Catherine Ruggerio.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant Catherine Ruggerio owned and operated an automobile that was involved in an accident with an automobile owned and operated by the plaintiff Michael Esposito on May 5, 1988. At the time of the accident, Ruggerio was insured by the appellant, Liberty Mutual Insurance Company.

The plaintiffs attempted to personally serve Ruggerio (see, CPLR 308 [1]). They were unsuccessful. They subsequently moved, pursuant to CPLR 308 (5), for permission to serve Ruggerio by mailing a summons and complaint to her last known address and serving the appellant, her insurer. The Supreme Court granted the motion. We affirm.

The plaintiffs' submissions demonstrated that Catherine Ruggerio had moved from the address set forth on the accident report, that she had left no forwarding address with the postal authorities, and that service upon her pursuant to CPLR 308 (1), (2) or (4) would be impracticable in this case (see generally, Tremont Fed. Sav. & Loan Assn. v Ndanusa, 144 AD2d 660; Saulo v Noumi, 119 AD2d 657). Moreover, the plaintiffs established that the appellant was her insurance carrier at all relevant times (cf., Salgado v Sanon, 183 AD2d 708). Under these circumstances, we discern no improvident exercise of discretion in the court's authorization of expedient

service pursuant to CPLR 308 (5) by permitting the plaintiffs to mail a copy of the pleadings to Ruggerio's last known address and by serving the appellant insurer, inasmuch as this method of service was reasonably calculated to apprise the insured of the pending action *(see generally, Dobkin v Chapman,* 21 NY2d 490; *Saulo v Noumi, supra).* Sullivan, J. P., Lawrence, Copertino and Santucci, JJ., concur.