■ RHEMA HILLARY, Respondent, v JEROME P. GRACE, Appellant, et al., Defendant. [623 NYS2d 620] —In an action to recover damages for personal injuries, the defendant Jerome P. Grace appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Vaccaro, J.), dated August 30, 1993, as denied his motion to vacate an *ex parte* order of the same court, dated May 29, 1991, granting the plaintiff leave to serve the complaint upon him pursuant to CPLR 308 (5).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the *ex parte* order dated May 29, 1991, is vacated, the complaint is dismissed insofar as it is asserted against the defendant Jerome P. Grace, and the action against the remaining defendant is severed.

The defendant Jerome P. Grace (hereinafter Grace) was the operator of a motor vehicle involved in an accident in 1988 in which the plaintiff, a passenger in another vehicle, was injured. In 1991, the plaintiff made an *ex parte* motion for expedient service pursuant to CPLR 308 (5). The court granted the application and permitted service upon Grace and his insurance carrier by certified mail. Following service of the summons and complaint pursuant to the terms of the *ex parte* order, Grace moved to vacate the order and to dismiss the complaint for lack of personal jurisdiction.

The motion to vacate the *ex parte* order should have been granted as the plaintiff failed to establish that the methods of service under CPLR 308 (1), (2), and (4) were impracticable *(see, Markoff v South Nassau Community Hosp.,* 91 AD2d 1064, *affd* 61 NY2d 283; *see also, Salgado v Sanon,* 183 AD2d 708; *Bissinger v DiBella,* 141 AD2d 595). The plaintiff's contention that expedient service was necessary because Grace's address was unknown is unsupported by the record. At the time of the accident, Grace stated that his address was 466 Marcy Avenue, Brooklyn. The plaintiff's sole attempt to serve him at that location was made in January 1991, nearly three years after the accident. The process server's affidavit stated simply that Grace was "unknown at this address" and did not indicate the basis for this statement or that he had spoken to anyone at that location. A subsequent inquiry in May 1991 at the Department of Motor Vehicles by the plaintiff's attorney revealed that Grace's address was 466 Marcy Avenue, and the Post Office had no record of any forwarding address. There is no indication in the plaintiff's motion papers that an attempt was made to verify Grace's address through his insurance company *(see, e.g., Salgado v Sanon, supra; Bissinger v DiBella, supra).* Finally, Grace submitted an affidavit in which he stated that he had lived at 466 Marcy Avenue for a continuous period of eight years and that his name was on the mail box. The plaintiff failed to make the required showing that service under CPLR 308 (1), (2), and (4) was impracticable in view of the absence of factual support for her claim that Grace's address or whereabouts were unknown following the accident.

Although there is no dispute that Grace received actual notice of the summons and complaint pursuant to the terms of the *ex parte* order, that alone will not subject him to jurisdiction when there has not been compliance with the statutory requirements of service of process *(see, Markoff v South Nassau Community Hosp.,* 61 NY2d 283, 288, *supra; see also, Raschel v Rish,* 69 NY2d 694; *Parisi v Fretta,* 151 AD2d 653). As personal jurisdiction was not properly obtained over Grace, the complaint is dismissed insofar as it is asserted against him *(see, Rivera v Mazzola,* 169 AD2d 827). Balletta, J. P., O'Brien, Thompson and Ritter, JJ., concur.