■ DARYL SMITH et al., Respondents, v RICKY WATERS et al., Defendants, and ALLSTATE INSURANCE COMPANY, Appellant. [648 NYS2d 889] —In an action to recover damages for personal injuries and property damage allegedly resulting from a motor vehicle accident, the Allstate Insurance Company appeals from an order of the Supreme Court, Queens County (Posner, J.), dated October 5, 1995, which granted the plaintiffs' motion to serve the defendants Ricky Waters and Robert Hurston pursuant to CPLR 308 (5) by, *inter alia,* mailing copies of the summons and complaint to its attorneys.

Ordered that the order is reversed, on the law and as an exercise of discretion, with costs, and the motion is denied.

We agree with the appellant, the Allstate Insurance Company (hereinafter Allstate), that the Supreme Court improvidently exercised its discretion in granting the plaintiffs' motion. The plaintiffs failed to submit an affidavit by the process server which explained his actions in attempting to locate the defendants. Instead, the plaintiffs' counsel, who had no personal knowledge of the process server's attempts to locate the defendants, submitted an affirmation based on hearsay. Thus, the plaintiffs' papers in support of the motion were insufficient to prove the impracticability of locating the defendants (*see, Escobedo v Schwerin,* 58 AD2d 762).

Furthermore, Allstate submitted evidence that prior to the accident it cancelled the policy of the defendant Hurston, the owner of the motorcycle involved in the accident. Thus, even if the plaintiffs' papers had been sufficient to establish the impracticability of locating the defendants, it was not shown that service upon Allstate was reasonably calculated to apprise the defendants of the action pending against them (*see, Giannizzero v Herzel,* 170 AD2d 647; *Salgado v Sanon,* 183 AD2d 708; *cf., Esposito v Ruggerio,* 193 AD2d 713). Miller, J. P., Ritter, Sullivan, Friedmann and Krausman, JJ., concur.