■ PASCHAL A. CORBO, Appellant, v GERALD J. STEPHENS, Respondent. (And Other Titles.) [709 NYS2d 99] —In an action, *inter alia,* to fix an attorney's fee, the plaintiff appeals, by permission, from an amended order of the Appellate Term of the Supreme Court for the Second and Eleventh Judicial

Districts, dated July 15, 1998, which reversed an order of the Civil Court of the City of New York, Richmond County (Straniere, J.), dated June 30, 1997, dismissed the complaint on the ground of lack of jurisdiction, and denied the plaintiff's motion to withdraw as counsel in 11 other actions.

Ordered that the amended order is affirmed, with costs.

Under CPLR 308 (5), a court is vested with the discretion to direct an alternative method for service of process when it has determined that the methods set forth in CPLR 308 (1), (2), and (4) are "impracticable" (CPLR 308 [5]; *see, Astrologo v Serra,* 240 AD2d 606; *see also, Kelly v Lewis,* 220 AD2d 485). However, the court is without power to direct service of process pursuant to CPLR 308 (5) absent a showing by the moving party that service is impracticable under the other subdivisions (*see, Cooper-Fry v Kolket,* 245 AD2d 846; *Hillary v Grace,* 213 AD2d 450; *Tetro v Tizov,* 184 AD2d 633; *Franchido v Onay,* 150 AD2d 518). Since the plaintiff failed to show that serving the defendant under CPLR 308 (1), (2), or (4) would be impracticable, dismissal of the complaint was proper (*see, Tetro v Tizov, supra*).

The plaintiff's remaining contention is without merit (*see, United States v O'Neil,* 118 F3d 65, 71-72, *cert denied sub nom. Saia v United States,* 522 US 1064; *Artache v Goldin,* 173 AD2d 667; *Leob Rhoades & Co. v De Vries,* 50 AD2d 552; *State of New Hampshire v Emanuel,* 139 NH 57, 649 A2d 53). Joy, J. P., Altman, Goldstein and H. Miller, JJ., concur. [*See,* 177 Misc 2d 338.]