■ ROBERT PHILLIPS et al., Respondents, v REILYN H. SOLANO et al., Respondents. ZURICH NORTH AMERICA INSURANCE COMPANY, Nonparty Appellant. [837 NYS2d 674]—

In an action to recover damages for personal injuries, etc., the nonparty, Zurich North America Insurance Company, appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Kings County (Schack, J.), dated November 1, 2005, as granted the plaintiffs' motion pursuant to CPLR 308 (5) and, in effect, pursuant to CPLR 311 (b), for leave to serve the summons and complaint on the defendants by serving the summons and complaint upon it, and (2) so much of an order of the same court dated March 26, 2006, as denied its cross motion for leave to renew and reargue the plaintiffs' motion, granted the plaintiffs' separate motion for leave to enter a default judgment against the defendants for failure to appear or answer, and, sua sponte, directed a hearing on the issue of insurance coverage.

Ordered that the appeal from so much of the order dated March 26, 2006, as denied that branch of the appellant's cross motion which was for leave to reargue the plaintiffs' motion is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that on the court's own motion, the appellant's notice of appeal from so much of the order dated March 26, 2006, as, sua sponte, directed a hearing, is treated as an application for leave to appeal, and leave to appeal from that portion of the order is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order dated November 1, 2005, is reversed insofar as appealed from, on the law, and plaintiffs' motion pur-

suant to CPLR 308 (5) and, in effect, pursuant to CPLR 311 (b), is denied; and it is further,

Ordered that the appeal from so much of the order dated March 26, 2006, as denied that branch of the appellant's cross motion which was for leave to renew the plaintiffs' motion is dismissed as academic in light of our determination of the appeal from the order dated November 1, 2005; and it is further,

Ordered that the order dated March 26, 2006, is reversed insofar as reviewed, and the plaintiffs' separate motion for a default judgment is denied as academic; and it is further,

Ordered that the plaintiffs' time to serve the summons and complaint on the defendants is extended until 60 days after service upon the plaintiffs of a copy of this decision and order; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The plaintiff Robert Phillips allegedly was injured when, while riding a bicycle, he was hit by a truck owned by the defendant Rica Trucking, Inc. (hereinafter Rica), and operated by the defendant Reilyn H. Solano. Robert Phillips and his wife, suing derivatively, commenced this action against Solano and Rica by filing a summons and complaint. Thereafter, they moved for an order pursuant to CPLR 308 (5) and, in effect, pursuant to CPLR 311 (b), permitting them to serve the summons and complaint on the nonparty appellant, Zurich North America Insurance Company, the alleged insurance carrier for the defendants, claiming they could not locate Solano or Rica for the purpose of service of process. In support of their motion, the plaintiffs submitted the police accident report and a document from the New Jersey Department of Motor Vehicles, indicating that the appellant was the insurer of the truck driven by Solano and registered to Rica. The appellant opposed the motion by submitting an affidavit from its case manager who stated, inter alia, that she had reviewed the appellant's files and determined that the appellant was not the defendants' insurer. The Supreme Court granted the plaintiffs' motion.

After serving the summons and complaint on the appellant, the plaintiffs moved for leave to enter a default judgment against the defendants and the appellant cross-moved, inter alia, for leave to renew and reargue its opposition to the plaintiffs' prior motion. The appellant submitted additional evidence that, while it initially provided coverage for the truck in accordance with a lease agreement, that agreement had been cancelled approximately five months before the accident. The Supreme Court granted the plaintiffs' motion for a default judgment, denied the cross motion and, sua sponte, directed a hearing to resolve the issue of insurance coverage.

The Supreme Court should have denied the plaintiffs' motion for substituted service. The plaintiffs failed to establish that the appellant was the insurer for the truck at the time of the accident (*see Smith v Waters,* 232 AD2d 545 [1996]; *compare Esposito v Ruggerio,* 193 AD2d 713, 714 [1993]). As it was not established that the appellant was the insurer of the truck, it cannot be said that delivery of the summons and complaint upon the appellant would be " 'reasonably calculated, under all the circumstances, to apprise' the defendants of the actions brought against them" (*Dobkin v Chapman,* 21 NY2d 490, 505 [1968], quoting *Mullane v Central Hanover Bank & Trust Co.,* 339 US 306, 314 [1950]).

The parties' remaining contentions are academic in light of our determination. Miller, J.P., Angiolillo, Carni and Dickerson, JJ., concur.