■ In the Matter of KAILA B. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CHRISTOPHER M.B., Appellant. (Proceeding No. 1.) In the Matter of CHRISTOPHER B. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CHRISTOPHER M.B., Appellant. (Proceeding No. 2.) In the Matter of AVA B. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CHRISTOPHER M.B., Appellant. (Proceeding No. 3.) [883 NYS2d 132]—

In three related child protective proceedings pursuant to Family Court Act article 10, the father appeals from (1) an order of the Family Court, Westchester County (Edwards, J.), entered September 3, 2008, and (2) a resettled order of the same court entered November 19, 2008, which denied his motion to (a) dismiss the petitions for lack of personal jurisdiction or, in the alternative, to direct a hearing on the issue of whether service was properly made on him, and (b) to transfer venue of the proceedings concerning the children Christopher B. and Ava B. from Westchester County to Kings County.

Ordered that the appeal from the order is dismissed, as that order was superseded by the resettled order; and it is further,

Ordered that the resettled order is reversed, on the law, that branch of the father's motion which was to dismiss the petitions for lack of personal jurisdiction is granted, the order is vacated, and that branch of the father's motion which was to transfer venue of the proceedings concerning the children Christopher B. and Ava B. from Westchester County to Kings County is denied as academic; and it is further,

Ordered that one bill of costs is awarded to the father.

In a child protective proceeding, "[s]ervice of a summons and petition shall be made by delivery of a true copy thereof to the person summoned" (Family Ct Act § 1036 [b]). However, "[i]f after reasonable effort, personal service is not made, the court may at any stage in the proceedings make an order providing for substituted service in the manner provided for substituted service in civil process in courts of record" (Family Ct Act § 1036 [d]), which "encompasses any method of service devised by the court that is reasonably calculated to give the party notice and an opportunity to be heard" (*Matter of Niblock v Niblock,* 181 AD2d 825 [1992]).

Furthermore, "CPLR 308 (5) vests a court with the discretion to direct an alternative method [of] service of process when it has determined that the methods set forth in CPLR 308 (1), (2) and (4) are 'impracticable' " (*Home Fed. Sav. Bank v Versace,* 252 AD2d 480 [1998], quoting CPLR 308 [5]). "The impracticability standard does not require the applicant to satisfy the more stringent standard of due diligence under CPLR 308 (4) nor make an actual showing that service has been attempted pursuant to CPLR 308 (1), (2), and (4)" (*Contimortgage Corp. v Isler,* 48 AD3d 732, 734 [2008] [citations and internal quotation marks omitted]; *see Dobkin v Chapman,* 21 NY2d 490 [1968]; *Tremont Fed. Sav. & Loan Assn. v Ndanusa,* 144 AD2d 660 [1988]).

Here, the Westchester County Department of Social Services (hereinafter DSS) presented evidence showing, among other things, that (1) the father was not living at an address in Brooklyn where he claimed to reside, but rather at an apartment building in Westchester County; (2) several unsuccessful attempts were made to personally serve the father at the Westchester address, along with an unsuccessful attempt at his last known place of business; and (3) the father gave instructions not to accept any mail sent to him at the address in Westchester. Thus, the evidence presented by DSS was sufficient to establish that it made a "reasonable effort" to personally serve the father (*see* Family Ct Act § 1036 [d]), and that service was impracticable under CPLR 308 (1), (2) and (4) (*see City of New York v*

*Clark,* 234 AD2d 120 [1996]; *Kelly v Lewis,* 220 AD2d 485 [1995]; *Dime Sav. Bank of N.Y. v Mancini,* 184 AD2d 989, 990 [1992]). Accordingly, the Family Court providently exercised its discretion in directing service by publication.

However, since the Family Court directed that the summons be published together with notice of the proceeding only once in each of two newspapers, the court's order directing service by publication failed to comply with CPLR 316, which requires publication "at least once in each of four successive weeks." A failure to comply with the statutory requirements regarding the manner or time of publication has been held to be a jurisdictional defect (*see Caton v Caton,* 72 Misc 2d 544, 545 [1972]; *Doheny v Worden,* 75 App Div 47 [1902]). Accordingly, the Family Court should have granted that branch of the father's motion which was to dismiss the petitions for lack of personal jurisdiction and should have denied as academic that branch of the father's motion which was to transfer venue of the proceedings concerning the children Christopher B. and Ava B. from Westchester County to Kings County. Mastro, J.P., Santucci, Eng and Lott, JJ., concur.