■ BORN TO BUILD, LLC, Respondent, v IBRAHIM SALEH, Also Known as ABRAHIM SALEH and Others, Defendant, and QING LING MEI, Appellant. [31 NYS3d 545]—

In an action to set aside a fraudulent conveyance pursuant to the Debtor and Creditor Law, the defendant Qing Ling Mei appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Elliot, J.), entered January 21, 2014, as granted that branch of her motion which was to dismiss the complaint insofar as asserted against her pursuant to CPLR 3211 (a) (8) only to the extent of dismissing the complaint unless the summons and complaint is served upon her within 120 days of the entry of the order or upon her attorney within 60 days pursuant to the terms set forth in an order of the same court dated April 1, 2013.

Ordered that the order entered January 21, 2014, is affirmed insofar as appealed from, with costs.

After commencing this action, the plaintiff made two unsuccessful attempts to serve the summons and complaint on the defendant Qing Ling Mei (hereinafter the defendant): first, at a house she owned in New York, and second, at an address in Massachusetts revealed by a public records search. After each attempt, the defendant moved to dismiss the complaint on the ground, among others, that she had not been properly served. The plaintiff then moved ex parte for an order permitting expedient service pursuant to CPLR 308 (5). In an order dated April 1, 2013, the Supreme Court granted that motion to the

extent of permitting the plaintiff to serve the defendant's attorney via one of the methods specified for the service of other papers in CPLR 2103 (b) (1), (3) or (4). The plaintiff then attempted service at the attorney's office by delivering process to an employee of the attorney. However, the process server's affidavit failed to accurately identify the papers served. Thereafter, the defendant moved to dismiss the complaint insofar as asserted against her pursuant to, inter alia, CPLR 3211 (a) (8). The Supreme Court granted that branch of the motion made on the ground that the process server's affidavit was defective to the extent of dismissing the complaint insofar as asserted against the defendant unless the summons and complaint were served upon her within 120 days of the entry of the order or upon her attorney within 60 days pursuant to the terms set forth in the order dated April 1, 2013. The defendant appeals, arguing that the Supreme Court erred in permitting service upon her attorney.

Under CPLR 308 (5), a court is vested with the discretion to direct an alternative method for service of process when it has determined that the methods set forth in CPLR 308 (1), (2) and (4) are "impracticable" (CPLR 308 [5]; *see Oglesby v Barragan*, 135 AD3d 1215, 1216 [2016]; *Matter of Kaila B.*, 64 AD3d 647, 648 [2009]; *Corbo v Stephens*, 272 AD2d 502, 503 [2000]; *Tetro v Tizov*, 184 AD2d 633, 635 [1992]). Service must be made within 120 days after the commencement of the action, but the court may extend this period for good cause shown or in the interest of justice (*see* CPLR 306-b; *Matter of Baumann & Sons Buses, Inc. v Ossining Union Free Sch. Dist.*, 121 AD3d 1110, 1113 [2014]; *Dhuler v ELRAC, Inc.*, 118 AD3d 937, 939 [2014]).

As the defendant argues, "[a]n attorney is not automatically considered the agent of his [or her] client for the purposes of the service of process" and, absent proof that a defendant has designated his or her attorney as an agent for the acceptance of process, an attorney lacks the authority to accept service on the defendant's behalf (*Broman v Stern*, 172 AD2d 475, 476 [1991]; *see Howard B. Spivak Architect, P.C. v Zilberman*, 59 AD3d 343, 344 [2009]; *Matter of Fagelson v McGowan*, 301 AD2d 652 [2003]; *Charles H. Greenthal & Co. v 301 E. 21st St. Tenants' Assn.*, 91 AD2d 934 [1983]; *but see Matter of Defreestville Area Neighborhoods Assn., Inc. v Tazbir*, 23 AD3d 70, 73 [2005]). Here, however, the plaintiff demonstrated that it had been unable to serve the defendant at the addresses available to it. The defendant stated that she lived and worked in China, but did not disclose either her business or residence address in that country, thereby preventing the plaintiff from attempting

international service pursuant to the Hague convention (*see* Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, 20 UST 361, TIAS No. 6638 [1969]). Furthermore, the extensive motion practice in this case demonstrates that service of process on her attorney will be adequate to apprise her of the action. Accordingly, the Supreme Court providently exercised its discretion both in permitting the plaintiff to serve process on the defendant's attorney as a form of expedient service pursuant to CPLR 308 (5) in its order dated April 1, 2013, and in renewing that permission in the order appealed from (*see e.g. Matter of Kaila B.*, 64 AD3d at 648; *LTD Trading Enters. v Vignatelli*, 176 AD2d 571 [1991]; *Osserman v Osserman*, 92 AD2d 932, 934 [1983]; *see also Tetro v Tizov*, 184 AD2d at 635). Likewise, under the circumstances of this case, the court's determination to grant the plaintiff additional time to serve the defendant was a provident exercise of discretion.

To the extent that the defendant raises issues regarding those branches of her motion which were for an order pursuant to CPLR 3211 (a) (1) and (7) dismissing the complaint insofar as asserted against her, those branches of her motion were not decided by the Supreme Court and, thus, remain pending and undecided (*see Katz v Katz*, 68 AD2d 536, 542-543 [1979]).

The defendant's remaining contentions are without merit. Mastro, J.P., Dickerson, Hall and Sgroi, JJ., concur.