JPMorgan Chase Bank, N.A. v Kothary (2019 NY Slip Op 08832)





JPMorgan Chase Bank, N.A. v Kothary


2019 NY Slip Op 08832


Decided on December 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2017-00273
 (Index No. 35331/09)

[*1]JPMorgan Chase Bank, National Association, etc., respondent, 
v
Manish Kothary, appellant, et al., defendants.


Frederick P. Stern, P.C., Nesconset, NY, for appellant.
Parker Ibrahim & Berg LLC, New York, NY (Anthony Del Guercio and Scott Parker of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Manish Kothary appeals from an order of the Supreme Court, Suffolk County (C. Randall Hinrichs, J.), dated November 15, 2016. The order granted the plaintiff's motion pursuant to CPLR 306-b for an extension of time to serve the defendant Manish Kothary with the summons and complaint, and pursuant to CPLR 308(5) to direct an alternative method for service of process.
ORDERED that the order is modified, on the law, on the facts, and in the exercise of discretion, by deleting the provision thereof granting that branch of the plaintiff's motion which was pursuant to CPLR 308(5) to direct an alternative method for service of process, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiff.
On June 8, 2007, the defendant Manish Kothary executed a note which was secured by a mortgage on real property located in Suffolk County. On the same day, Kothary also executed a consolidation, extension, and modification agreement which consolidated the note and mortgage with a prior mortgage loan balance into a single lien. In March 2008, Kothary defaulted on his monthly payments under the consolidated note, and in September 2009, the plaintiff, as the holder of the consolidated note, commenced this foreclosure action. Kothary failed to appear in the action or answer the complaint. On January 22, 2014, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was to appoint a referee to compute the amount due to the plaintiff.
Thereafter, Kothary moved to dismiss the complaint insofar as asserted against him on the ground of lack of personal jurisdiction, and the plaintiff cross-moved pursuant to CPLR 306-b for an extension of time to serve Kothary with the summons and the complaint, and pursuant to CPLR 308(5) to direct an alternative method for service of process by permitting service upon Kothary's attorney. The Supreme Court granted the defendant's motion to the extent of ordering a hearing to determine the validity of service of process, and denied the plaintiff's cross motion without prejudice to renew. Following the hearing, the court vacated, pursuant to CPLR 5015(a)(4), Kothary's default and the order of reference dated January 22, 2014, and, in effect, directed dismissal of the action pursuant to CPLR 3211(a)(8) for lack of personal jurisdiction over Kothary.
In December 2015, the plaintiff again moved pursuant to CPLR 306-b for an extension of time to serve Kothary with the summons and complaint, and pursuant to CPLR 308(5) to direct an alternative method for service of process by permitting service upon Kothary's attorney. In the order appealed from, the Supreme Court granted the plaintiff's motion. The court determined that the plaintiff had demonstrated both good cause for an extension of time to serve Kothary with the summons and complaint, and that an extension of time to serve Kothary was warranted in the interest of justice. Additionally, the court determined that an alternative method for service of process was appropriate inasmuch as Kothary currently resided in New Delhi, India. Kothary appeals.
Generally, service of a summons and complaint must be made within 120 days after the commencement of the action (see CPLR 306-b). "If service is not made upon a defendant within the time provided in [CPLR 306-b], the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service" (CPLR 306-b). "Good cause requires the plaintiff to demonstrate, as a threshold matter, reasonably diligent efforts' in attempting to effect service" (Bank United, FSB v Verbitsky, 167 AD3d 833, 833-835, quoting Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 105). "However, the more flexible interest of justice' standard accommodates late service that might be due to mistake, confusion, or oversight, so long as there is no prejudice to the defendant" (Estate of Fernandez v Wyckoff Hgts. Med. Ctr., 162 AD3d 742, 744; see Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105). "Unlike an extension request premised on good cause, a plaintiff need not establish reasonably diligent efforts at service as a threshold matter" (Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105; see Wells Fargo Bank, NA v Barrella, 166 AD3d 711, 713). "However, the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant" (Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105-106; see Bumpus v New York City Tr. Auth., 66 AD3d 26, 32).
Under the circumstances of this case, the plaintiff failed to demonstrate good cause for an extension of time to serve Kothary under CPLR 306-b (see Estate of Fernandez v Wyckoff Hgts. Med. Ctr., 162 AD3d at 743; Chan v Zoubarev, 157 AD3d 851). Nevertheless, we agree with the Supreme Court's determination granting, in the interest of justice, that branch of the plaintiff's motion which was pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon Kothary. The plaintiff established, among other things, that the action was timely commenced, and that service was timely attempted and was perceived by the plaintiff to have been within the 120-day period but was subsequently found to have been defective (see Estate of Fernandez v Wyckoff Hgts. Med. Ctr., 162 AD3d at 743; Chan v Zoubarev, 157 AD3d at 852). Additionally, the plaintiff demonstrated that it has a potentially meritorious cause of action, and that there was no identifiable prejudice to Kothary as a consequence of the delay in service (see HSBC Bank USA, N.A. v Oqlah, 163 AD3d 928, 930; Chan v Zoubarev, 157 AD3d at 852; Singh v Trahan, 153 AD3d 961).
However, the Supreme Court improvidently exercised its discretion in granting that branch of the plaintiff's motion which was pursuant to CPLR 308(5) to direct an alternative method for service of process by permitting service upon Kothary's attorney. "CPLR 308(5) vests a court with discretion to direct an alternative method for service of process when it has determined that the methods set forth in CPLR 308(1), (2), and (4) are impracticable" (Matthews v Barrau, 150 AD3d 836, 839; see Born To Build, LLC v Saleh, 139 AD3d 654, 655). "[A] plaintiff seeking to effect expedient service must make some showing that the other prescribed methods of service could not be made" (Markoff v South Nassau Community Hosp., 91 AD2d 1064, 1065 [internal quotation marks omitted], affd 61 NY2d 283). Here, at the hearing, Kothary provided the address where he resides in New Delhi (cf. Born To Build, LLC v Saleh, 139 AD3d at 655-656), and the plaintiff failed to submit any evidence that effectuating service in India by any of the authorized methods would have been unduly burdensome (see Tetro v Tizov, 184 AD2d 633, 635). "That [Kothary] resided in a foreign country did not, by itself, relieve the plaintiff of [its] obligation to make a reasonable effort to effectuate service in a customary manner before seeking relief pursuant to CPLR 308(5)" (id. at 635; see Badenhop v Badenhop, 84 AD2d 771, 772-773).
BALKIN, J.P., ROMAN, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court