Bruce v Solny

2026 NY Slip Op 02816

May 6, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Janet Bruce, respondent,

v

Sanford Solny, et al., appellants, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 6, 2026

2021-03789, (Index No. 510162/20)

Cheryl E. Chambers, J.P.

Deborah A. Dowling

James P. McCormack

Susan Quirk, JJ.

Storch Law, P.C., Brooklyn, NY (Zvi A. Storch and Binyomin Z. Bendet of counsel), for appellants.

Lienhard & Grumbach PLLC, Brooklyn, NY (William G. Lienhard of counsel), for respondent.

[*1]

DECISION & ORDER

In an action, inter alia, to recover damages for fraud, the defendants Sanford Solny and Shandelle Solny appeal from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated April 8, 2021. The order granted the plaintiff's motion pursuant to CPLR 308(5) to direct an alternative method for service of process upon the defendants Sanford Solny and Shandelle Solny by email to their attorneys.

ORDERED that the order is affirmed, with costs.

After making three unsuccessful attempts to serve process upon the defendants Sanford Solny and Shandelle Solny (hereinafter together the Solnys), the plaintiff moved pursuant to CPLR 308(5) to direct an alternative method for service of process upon the Solnys by email to their attorneys. The Supreme Court granted the plaintiff's motion, and the Solnys appeal.

The Supreme Court did not improvidently exercise its discretion in granting the plaintiff's motion. The plaintiff established that alternative service was appropriate in this case, as service was impracticable under CPLR 308(1), (2), and (4) (see id. § 308[5]; Dixon v New York City Health & Hosps. Corp., 222 AD3d 553, 554; NMR e-Tailing LLC v Oak Inv. Partners, 216 AD3d 572, 572). Moreover, service by email to the Solnys' attorneys was reasonably calculated, under all the circumstances, to apprise the Solnys of the action (see Born to Build, LLC v Saleh, 139 AD3d 654, 655-656; Kelly v Lewis, 220 AD2d 485, 486).

CHAMBERS, J.P., DOWLING, MCCORMACK and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court