■ TREMONT FEDERAL SAVINGS AND LOAN ASSOCIATION, Respondent, v MOHAMMED K. NDANUSA et al., Appellants, and CHARLES MONACO, Nonparty Respondent.—In an action to foreclose a mortgage, the defendants Mohammed K. Ndanusa and Carol A. Tracey appeal from an order of the Supreme Court, Westchester County (Marbach, J.) dated April 23, 1987, which denied their motion to vacate a default judgment dated June 4, 1986, and to set aside the foreclosure sale.

Ordered that the order is affirmed, with one bill of costs payable to the plaintiff-respondent and the nonparty respondent.

We disagree with the appellants' contention that the order of publication was improperly issued. For a court to issue an

order of publication under CPLR 308 (5) on the ground that service is impracticable under subdivisions (1), (2) and (4) of that section, the applicant is not required to prove due diligence, which is a higher standard than "impracticable" *(Dobkin v Chapman,* 21 NY2d 490), or show actual prior attempts to serve a party under each and every method provided in the statute *(Saulo v Noumi,* 119 AD2d 657; *Salesi v Nieves,* 93 AD2d 858). Thus, even if the process server's statements that he attempted service eight different times are untrue, as alleged by the defendant Carol A. Tracey and her sister, the order of publication would still be proper insofar as prior attempts at service need not be shown.

The facts establish that the Supreme Court properly denied the appellants' motion to vacate the default judgment. The appellant Carol A. Tracey admits that she received a copy of the order of publication with a copy of the summons and complaint in the mail 1½ years prior to the sale. Instead of contesting jurisdiction on the ground of improper service and, therefore, the court's jurisdiction, or interposing an answer, she chose to ignore it. Thus, although the appellants need not show a valid excuse under CPLR 317, denial of the motion was proper because they had notice of the action in time to defend it and the default judgment was the product of their conscious neglect of the pending action after they received actual notice of it. Similarly, the motion was properly denied under CPLR 5015 since the appellants never proffered any valid excuse as to why they did not appear in the trial court. Moreover, the appellants did not demonstrate any meritorious defense to the action, a requirement when a motion is made to vacate a default judgment under both CPLR 317 and CPLR 5015 *(see, Conte Cadillac v C.A.R.S. Purch. Serv.,* 126 AD2d 621).

Further, we find that CPLR 3215 (f) (3) which provides that an additional notice be given by the plaintiff at least 20 days before entry of the default judgment, is inapplicable in this case since that provision became effective on January 1, 1987. The judgment which the appellants sought to vacate was dated June 4, 1986. Mollen, P. J., Brown, Eiber and Kooper, JJ., concur.