■ GLADYS FRANKLIN, as Guardian of BERTHA ISRAELS, Respondent, v ARTHUR I. WINARD et al., Defendants, and GUDRUN ISRAELS, Also Known as GUDRUN BALDI, Appellant.— Order, Supreme Court, New York County (Diane Lebedeff, J.), entered March 6, 1992, which, to the extent appealed from, denied defendant Israels' motion to vacate service of the summons effected by an ex parte order of said court (Xavier C. Riccobono, J.) dated January 16, 1992, permitting alternative service pursuant to CPLR 308 (5), unanimously affirmed, with costs.

We find no basis to vacate the order directing service upon defendant-appellant's attorneys pursuant to CPLR 308 (5). A showing of impracticability under CPLR 308 (5) does not require proof of actual prior attempts to serve a party under the methods outlined pursuant to subdivisions (1), (2) or (4) of CPLR 308 *(see, Tremont Fed. Sav. & Loan Assn. v Ndanusa,* 144 AD2d 660, *lv dismissed* 73 NY2d 918). In this case, the evidence demonstrates that plaintiff had information regarding the appellant's last known residence, which is not equivalent to the actual dwelling place or usual place of abode so as to allow for service pursuant to subdivisons (2) or (4) of CPLR 308 *(see, Feinstein v Bergner,* 48 NY2d 234). Further, plaintiff has demonstrated that her efforts to obtain information regarding the appellant's current residence or place of abode through ordinary means, such as a motor vehicle registration search, had proven ineffectual. This sufficiently demonstrates that service under the other methods provided would be "impracticable". Contrary to defendant-appellant's argument, CPLR 320 has no application to the facts of this case, there having been no "appearance" limited or otherwise by virtue of counsel's demand for a complaint forwarded in response to the prior attempted service. We have considered defendant-appellant's other arguments and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Wallach and Asch, JJ.