■ ELIZABETH KELLY et al., Respondents, v EARL LEWIS et al., Appellants. [632 NYS2d 186] —In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Leone, J.), entered June 1, 1994, as, upon reargument, adhered to a prior determination in an order dated September 17, 1993, permitting alternative service of process upon the defendant Earl Lewis pursuant to CPLR 308 (5).

Ordered that the order is affirmed insofar as appealed from, with costs.

The court has discretion to direct alternative service of process pursuant to CPLR 308 (5) when it has determined that the methods set forth in CPLR 308 (1), (2), and (4) are "impracticable". The standard for impracticability under CPLR 308 (5) is different from the more stringent one of "due diligence" under CPLR 308 (4). That is, to meet the standard on impracticability does not require satisfying due diligence, or even showing that actual prior attempts to serve a party under each and every method provided in the statute have been undertaken *(see, e.g., Tremont Fed. Sav. & Loan Assn. v Ndanusa,* 144 AD2d 660, 661; *see also, Dobkin v Chapman,* 21 NY2d 490; *Markoff v South Nassau Community Hosp.,* 91 AD2d 1064, 1065, *affd* 61 NY2d 283; *Liebeskind v Liebeskind,* 86 AD2d 207, 210-211, *affd*

58 NY2d 858; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C308:5, at 314-315).

After the plaintiffs made three unsuccessful attempts at three different times on three different weekdays to serve the defendant Earl Lewis at his last known residence address, the court reasonably concluded that service was impracticable under the other relevant sections of CPLR 308 and properly directed alternative service, on Lewis's attorneys, pursuant to CPLR 308 (5). Moreover, though not required to demonstrate due diligence, the plaintiffs' efforts also satisfied that standard *(see, e.g., Hochhauser v Bungeroth,* 179 AD2d 431). Bracken, J. P., O'Brien, Ritter, Friedmann and Goldstein, JJ., concur.