■ GABRIELE ASTROLOGO, Respondent, v JOSEPH SERRA et al., Appellants. [659 NYS2d 481] —In an action, *inter alia,* to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Westchester County (Colabella, J.), dated July 8, 1996, which denied their motion to dismiss the complaint for lack of personal jurisdiction.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied those branches of the motion which were to dismiss the complaint insofar as asserted against the defendants Anthony Serra, GRA Exotic Cars, Inc., and Serra Enterprises, Inc., and substituting therefor provisions granting those branches of the motion, dismissing the complaint insofar as asserted against the defendants Anthony Serra, GRA Exotic Cars, Inc., and Serra Enterprises, Inc., and severing the action against the remaining defendants; as so modified, the order is affirmed, with costs to the defendants.

CPLR 308 (5) vests a court with the discretion to direct an alternative method for service of process when it has determined that the methods set forth in CPLR 308 (1), (2), and (4) are "impracticable" *(see, Kelly v Lewis,* 220 AD2d 485; *Tremont Fed. Sav. & Loan Assn. v Ndanusa,* 144 AD2d 660, 661). Although the impractability standard " 'is not capable of easy definition' " *(Markoff v South Nassau Community Hosp.,* 91 AD2d 1064, 1065, *affd* 61 NY2d 283), it does not require the applicant to satisfy the more stringent standard of "due diligence" under CPLR 308 (4), or to make a showing that "actual prior attempts to serve a party under each and every method provided in the statute have been undertaken" *(Kelly v Lewis, supra,* at 485; *see also, Dobkin v Chapman,* 21 NY2d 490; *Tremont Fed. Sav. & Loan Assn. v Ndanusa, supra).*

Contrary to the defendants' contention, the Supreme Court did not improvidently exercise its discretion in directing an alternative method for service of process on the individual defendant Joseph Serra. Here, the plaintiff submitted evidence indicating that Joseph Serra had sold his New York and Connecticut residences had recently closed his automobile service center, and had entered into a contract to sell his commercial property in Valhalla, New York. Moreover, both the plaintiff's attorney and an investigator averred that they had received

information that Joseph Serra had left New York and was residing at an unspecified location in Italy. Under these circumstances, the court could have reasonably concluded that service on Joseph Serra was impracticable under the other relevant sections of CPLR 308 (see, *Franklin v Winard,* 189 AD2d 717; *Saulo v Noumi,* 119 AD2d 657). However, the court erred in authorizing alternative service upon the individual defendant Anthony Serra, since the plaintiff made no showing of impracticability with respect to him.

Furthermore, the court was without authority to direct service upon the corporate defendants pursuant to CPLR 308 (5), since that provision governs service of process upon natural persons, and is inapplicable to corporations, which must be served in accordance with CPLR 311 (see, *Axxon Corp. v Xaba USA,* 215 AD2d 517; *LTD Trading Enters. v Vignatelli,* 176 AD2d 571).

The defendants' remaining contentions are without merit. Mangano, P. J., Copertino, Florio and McGinity, JJ., concur.