*339 OPINION OF THE COURT
Memorandum.
Order unanimously reversed without costs, the motion by Paschal A. Corbo is denied and the complaint in the action by Paschal A. Corbo against Gerald J. Stephens is dismissed.
A court may exercise its discretion to direct alternative service of process pursuant to CPLR 308 (5), upon a showing by the applicant that service under CPLR 308 (1), (2) and (4) is “impracticable”. While the standard of impracticability does not require due diligence, nor a showing that actual prior attempts to serve a party under each and every method provided in the statute have been undertaken (see, Astrologo v Serra, 240 AD2d 606; Kelly v Lewis, 220 AD2d 485; Tremont Fed. Sav. & Loan Assn. v Ndanusa, 144 AD2d 660), nonetheless, where as here, the defendant’s residence was readily disclosed and available, the fact that “defendant * * * resided in a foreign country [does] not, by itself, relieve the plaintiff of [his] obligation to make a reasonable effort to effectuate service in a customary manner before seeking relief pursuant to CPLR 308 (5)” (Tetro v Tizov, 184 AD2d 633, 635; see also, LTD Trading Enters. v Vignatelli, 176 AD2d 571; Badenhop v Badenhop, 84 AD2d 771). It is undisputed upon this record that defendant’s residence in Ireland was disclosed and known to plaintiff, who had represented defendant in connection with the sale of defendant’s residence in New York, but that plaintiff made no attempts to serve defendant in Ireland before seeking relief pursuant to CPLR 308 (5). Moreover, plaintiff has submitted no proof that service by the ordinary methods prescribed under the statute would be unduly burdensome (see, Tetro v Tizov, supra). Nor do the underlying factual circumstances presented by plaintiff and considered by the court below warrant a finding of impracticability (see, Badenhop v Badenhop, supra). Therefore, the court should not have authorized expedient service pursuant to CPLR 308 (5). Plaintiff’s reliance on Astrologo v Serra (supra) is misplaced inasmuch as it was averred by plaintiffs attorney and an investigator in that case that defendant had left New York for an unspecified location in Italy. Unlike the situation in Astrólogo, defendant’s specific location was here known to plaintiff.
In view of our determination, it is not necessary to address the parties’ remaining contentions on appeal.
Aronin, J. P., Scholnick and Chetta, JJ., concur.