■ HOME FEDERAL SAVINGS BANK, Respondent, v ALFRED VERSACE, Appellant, et al., Defendants. [675 NYS2d 131] —In an action to foreclose a mortgage, the defendant Alfred Versace appeals from an order of the Supreme Court, Suffolk County (Berler, J.), entered July 8, 1997, which denied his motion to vacate a judgment of foreclosure and sale of the same court entered February 6, 1997.

Ordered that the order is affirmed, with costs.

In this mortgage foreclosure action, the plaintiff obtained an order directing service by alternate means pursuant to CPLR 308 (5) upon the appellant, Alfred Versace, on the ground that he was attempting to evade service. Service was thereafter made in accordance with the order, but the appellant failed to appear in the action, and a judgment of foreclosure and sale was entered. The appellant then moved to vacate the judgment on the ground that personal jurisdiction had not been obtained, and that the order directing service by alternate means should not have been granted. The court denied the motion, and we affirm.

It is well established that CPLR 308 (5) vests a court with the discretion to direct an alternative method for service of process when it has determined that the methods set forth in CPLR 308 (1), (2) and (4) are "impracticable" (CPLR 308 [5]; *see, Astrologo v Serra,* 240 AD2d 606; *Kelly v Lewis,* 220 AD2d 485; *Tremont Fed. Sav. & Loan Assn. v Ndanusa,* 144 AD2d 660). Although the impracticability standard " 'is not capable of easy definition' " (*Markoff v South Nassau Community Hosp.,* 91 AD2d 1064, 1065, *affd* 61 NY2d 283, quoting *Liebeskind v Liebeskind,* 86 AD2d 207, 210), it does not require the applicant

to satisfy the more stringent standard of "due diligence" under CPLR 308 (4), or to make a showing that "actual prior attempts to serve a party under each and every method of the statute have been undertaken" (*Kelly v Lewis, supra,* at 485; *see, Astrologo v Serra, supra,* at 482; *see also, Dobkin v Chapman,* 21 NY2d 490; *Tremont Fed. Sav. & Loan Assn. v Ndanusa, supra*).

Contrary to the appellant's contention, the Supreme Court did not improvidently exercise its discretion in directing an alternative method for service of process. Under the circumstances here, the court reasonably concluded that personal service on Versace was impracticable (*see,* CPLR 308; *Franklin v Winard,* 189 AD2d 717; *Saulo v Noumi,* 119 AD2d 657). Rosenblatt, J. P., O'Brien, Krausman and Goldstein, JJ., concur.