■ STATE STREET BANK AND TRUST COMPANY, Respondent, v DORTHA COAKLEY et al., Defendants, and DONALD MACPHERSON, Appellant. [790 NYS2d 412]—

In an action to foreclose a mortgage, the defendant Donald MacPherson appeals from an order of the Supreme Court, Suffolk County (Lifson, J.), dated March 25, 2004, which denied his motion to vacate a judgment of foreclosure and sale of the same court entered July 24, 2003, upon his default in answering.

Ordered that the order is affirmed, with costs.

"It is well established that CPLR 308 (5) vests a court with the discretion to direct an alternative method of service of process when it has determined that the methods set forth in CPLR 308 (1), (2) and (4) are 'impracticable' " (*Home Fed. Sav. Bank v Versace*, 252 AD2d 480 [1998], quoting CPLR 308 [5]). "Although the impracticability standard 'is not capable of easy definition' (*Markoff v South Nassau Community Hosp.*, 91 AD2d 1064, 1065 , *affd* 61 NY2d 283), it does not require the applicant to satisfy the more stringent standard of 'due diligence' under CPLR 308 (4), or to make a showing that 'actual prior attempts to serve a party under each and every method provided in the statute have been undertaken' " (*Astrologo v Serra*, 240 AD2d 606 [1997], quoting *Kelly v Lewis*, 220 AD2d 485 [1995]; *see Dobkin v Chapman*, 21 NY2d 490 [1968]).

Contrary to the appellant's contention, the Supreme Court providently exercised its discretion in directing an alternative method for service of process upon him. Under the circumstances, the Supreme Court reasonably concluded that service pursuant to the other relevant sections of CPLR 308 was impracticable (*see Home Fed. Sav. Bank v Versace, supra* at 480; *Astrologo v Serra, supra* at 606; *see also OCI Mtge. Corp. v Murphy*, 258 AD2d 633 [1999]).

The appellant's remaining contentions are without merit. H. Miller, J.P., Adams, Goldstein and Spolzino, JJ., concur.