■ CONTIMORTGAGE CORPORATION, Respondent, v ALBERT ISLER et al., Defendants, and ROGER WHITEHEAD, Appellant. [853 NYS2d 162]—

In a mortgage foreclosure action, the defendant Roger Whitehead appeals from an order of the Supreme Court, Kings County (Ruditzky, J.), dated January 10, 2007, which denied his motion to vacate a judgment of foreclosure and sale entered June 10, 2003, and a foreclosure sale conducted on July 31, 2003, or in the alternative, for damages for "the amount of the

Foreclosure Sale proceeds that were lost and not obtained by reason of Defendant Whitehead's not appearing in this Foreclosure Action" and for payment of the surplus of $43,095.98 to him on the ground that an order of the same court (Mason, J.), dated February 4, 2002, erroneously directed service upon him by publication.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the appellant's motion which was to vacate so much of the judgment of foreclosure and sale as is against him, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The appellant was a junior lienholder in the instant action, based upon a judgment entered in favor of him against Albert Isler, the owner of the subject property. The Kings County Clerk's docket entry stated that the judgment was entered in an action in the "Eastern District District Court" under index No. 3893/97. That Kings County Clerk docket entry mistakenly listed the appellant's address as the subject property, and listed Isler's address as another address in Brooklyn where the appellant in fact resided.

The summons prepared by the plaintiff in the instant action listed both Isler's address and the appellant's address as the subject property. In an affidavit, the process server stated that he received a copy of the summons and complaint and attempted to serve both Isler and the appellant personally at the subject property, which was vacant. The process server further stated that he was unable to locate either Isler or the appellant after checking the local branch of the United States Post Office to determine if there were forwarding addresses from the subject property, checking the local telephone directory for Brooklyn, conducting a credit header search, and checking the records of the New York State Department of Motor Vehicles and the Surrogate's Court, Kings County. Based upon that affidavit, the plaintiff moved for leave to serve both Isler and the appellant by publication. By order dated February 4, 2002, that motion was granted, and the appellant was served by publication. On June 10, 2003 a judgment of foreclosure and sale was entered and on July 31, 2003 the property was sold at auction.

By order to show cause dated July 24, 2006, the appellant moved to vacate the judgment of foreclosure and sale and the foreclosure sale. In support of his motion, the appellant asserted that he resided at the same address in Brooklyn, listed as Isler's address on the docket entry, since 1993 and never resided at the subject property. He further noted that the process server

never examined the judgment he docketed against Isler, which listed the name, address, and telephone number of his attorney. The attorney submitted an affidavit stating that he was attorney of record for the appellant with respect to the judgment against Isler and maintained the same office address and telephone number since 1985. The Supreme Court denied the appellant's motion, finding that service by publication was proper since service pursuant to CPLR 308 (1), (2), and (4) was "impracticable."

CPLR 308 (5) provides that service of process upon a natural person may be effected "in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of this section" which provide for service by personal delivery, delivery and mail, and nail and mail, respectively. The impracticability standard "does not require the applicant to satisfy the more stringent standard of 'due diligence' under CPLR 308 (4)" nor make an actual showing that service has been attempted pursuant to CPLR 308 (1), (2), and (4) (*see State St. Bank & Trust Co. v Coakley,* 16 AD3d 403, 403 [2005] [internal quotation marks omitted]; *Home Fed. Sav. Bank v Versace,* 252 AD2d 480, 481 [1998]; *Astrologo v Serra,* 240 AD2d 606 [1997]). Once the impracticability standard is satisfied, due process requires that the method of service be "reasonably calculated, under all the circumstances, to apprise" the defendant of the action (*Mullane v Central Hanover Bank & Trust Co.,* 339 US 306, 314 [1950]). Service by publication is "the method of notice least calculated to bring to a potential defendant's attention the pendency of judicial proceedings" (*Boddie v Connecticut,* 401 US 371, 382 [1971]).

CPLR 315 provides that service by publication is permissible upon order of the court in an action described in CPLR 314 "if service cannot be made by another prescribed method with *due diligence*" (emphasis supplied). An action described in CPLR 314 is an action where the person of the defendant is out of state but the res of the action— e.g., a lien or property interest—is located within the state. "Technically, service by publication can still be found even in the personam case, despite its being restricted by CPLR 315 to rem cases [since] [a] court may order service by publication on a CPLR 308 (5) application in a personam action . . . but it is obviously a last resort [which] [i]f it is done, it should at least be accompanied by some other method" (Siegel, NY Prac § 107, at 195 [4th ed]).

Service by publication in a mortgage foreclosure action is permissible where the mortgagor is evading service (*see State St. Bank & Trust Co. v Coakley,* 16 AD3d 403 [2005]; *OCI Mtge.*

*Corp. v Murphy,* 258 AD2d 633 [1999]; *Home Fed. Sav. Bank v Versace,* 252 AD2d at 481; *Dime Sav. Bank of N.Y. v Mancini,* 184 AD2d 989, 990 [1992]). However, in the instant case, there is no evidence that the appellant was evading service, nor is there any evidence that he ever represented that his address was the subject property. Further, although the process server searched for his whereabouts through the records of the Surrogate's Court, he never examined the records of the United States District Court for the Eastern District of New York where the appellant's judgment against Isler was entered. Since the appellant's lien was based upon a docketed judgment, some effort should have been made to ascertain his address from the records of the court where that judgment was entered. Assuming arguendo that service pursuant to CPLR 308 (5) was proper, the court could have directed service by publication and an alternative method such as mailing to his attorney in the District Court action. Service by publication alone was not reasonably calculated under the circumstances to apprise him of the pendency of the action (*see Mullane v Central Hanover Bank & Trust Co.,* 339 US at 314). Accordingly, the judgment of foreclosure and sale should be vacated against him for lack of personal jurisdiction (*see* CPLR 5015 [a] [4]).

The appellant's remaining contentions are without merit or need not be addressed in light of our determination. Spolzino, J.P., Skelos, Florio and Angiolillo, JJ., concur.