■ U.S. Bank National Association, as Custodian of Tax Liens Owned by Erie Tax Certificate Corporation, Respondent, v Tracy Patterson, Appellant, et al., Defendants. Steven Bedford et al., Respondents. [879 NYS2d 874]—

Appeal from an order of the Erie County Court (Sheila A. DiTullio, J.), entered April 30, 2008 in a foreclosure action. The order denied the motion of defendant Tracy Patterson, seeking, inter alia, to vacate a default judgment of foreclosure and sale.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is granted in part, and the judgment entered June 21, 2007 is vacated in its entirety.

Memorandum: We conclude that Supreme Court abused its discretion in denying that part of the motion of Tracy Patterson (defendant) seeking to vacate a default judgment of foreclosure and sale of property jointly owned by defendant and his ex-wife, defendant Vicki Lynn Patterson. We agree with defendant that service pursuant to CPLR 308 (5) on the ex-wife at the subject property along with court-ordered service by publication pursuant to CPLR 316 was insufficient to establish that the court had personal jurisdiction over him. The service upon his ex-wife, with whom he no longer resided, was not "reasonably calculated, under all the circumstances, to apprise" him of the foreclosure action (Mullane v Central Hanover Bank & Trust Co., 339 US 306, 314 [1950]; see Raschel v Rish, 69 NY2d 694, 696-697 [1986]; cf. Johnson v County of Erie, 309 AD2d 1278 [2003]). Furthermore, "[s]ervice by publication in a . . . foreclosure action is permissible where the [defendant] is evading service," and here there was no evidence that defendant was evading service (Contimortgage Corp. v Isler, 48 AD3d 732, 734 [2008]). Indeed, we note that the record contains evidence establishing that plaintiff had access to defendant's telephone number at the time its attorney alleged in plaintiff's motion for, inter alia, expedient service that no such number could be located, and that its collections company was in fact in telephone contact with de-

fendant just prior to plaintiff's motion. Present—Smith, J.P., Centra, Fahey, Carni and Gorski, JJ.