Jean v Csencsits (2019 NY Slip Op 03034)





Jean v Csencsits


2019 NY Slip Op 03034


Decided on April 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2018-09516
 (Index No. 2154/16)

[*1]Michael Jean, respondent, 
v
William August Csencsits, etc., appellant.


Treybich Law, P.C., Poughkeepsie, NY (Michael Treybich of counsel), for appellant.
Anthony M. Bramante, Brooklyn, NY, for respondent.



DECISION & ORDER
In an action, inter alia, for specific performance of a contract for the sale of real property, the defendant appeals from an order of the Supreme Court, Orange County (Sandra B. Sciortino, J.), dated June 5, 2018. The order, insofar as appealed from, denied the defendant's motion to vacate a default judgment which, inter alia, directed specific performance of the contract.
ORDERED that the order is affirmed insofar as appealed from, with costs.
This is an action seeking specific performance of a contract of sale for real property located in Orange County, New York. The plaintiff (hereinafter the buyer) commenced this action after the defendant (hereinafter the seller) failed to appear at a "time of the essence" closing. After the buyer unsuccessfully attempted to personally serve the seller with the summons and complaint at the San Diego, California, address he provided for himself in the contract of sale, the Supreme Court granted the buyer's ex parte application to serve the seller by alternative form of service pursuant to CPLR 308(5). After service was completed by those alternative means, the seller failed to answer or otherwise appear. The court granted the buyer's motion for leave to enter a default judgment and scheduled an inquest on the issue of damages. By order to show cause, the seller moved, inter alia, to vacate the default judgment. The Supreme Court denied the seller's motion and scheduled an inquest on the issue of damages. The seller appeals.
Contrary to the seller's contentions, he was properly served pursuant to CPLR 308(5), which authorizes the court to direct alternative forms of service of process. CPLR 308(5) vests a court with the discretion to direct an alternative method of service of process when it has determined that the methods set forth in CPLR 308(1), (2), and (4), which provide for service by personal delivery, delivery and mail, and affixing and mailing, respectively, are impracticable (see Born To Build, LLC v Saleh, 139 AD3d 654, 655; Matter of Kaila B., 64 AD3d 647, 648; Contimortgage Corp. v Isler, 48 AD3d 732, 734). The impracticability standard does not require the applicant to satisfy the more stringent standard of due diligence under CPLR 308(4) nor make an actual showing that service has been attempted pursuant to CPLR 308(1), (2), and (4) (see Matter of Kaila B., 64 AD3d at 648; Contimortgage Corp. v Isler, 48 AD3d at 734; State St. Bank & Trust Co. v Coakley, 16 AD3d 403, 403; Astrologo v Serra, 240 AD2d 606, 606). "Once the impracticability standard is satisfied, due process requires that the method of service be reasonably calculated, under all the circumstances, to apprise' the defendant of the action" (Contimortgage Corp. v Isler, 48 AD3d at [*2]734, quoting Mullane v Central Hanover Bank & Trust Co., 339 US 306, 314). Here, the buyer demonstrated that it was impracticable to serve the seller pursuant to CPLR 302(1), (2), and (4), and the Supreme Court's order directing service through alternative forms was reasonably calculated to apprise the seller of the action under the circumstances of this case (see generally Contimortgage Corp. v Isler, 48 AD3d at 734).
Pursuant to CPLR 317, a defendant who has been served with a summons and complaint other than by personal delivery may be allowed to defend the action upon a finding of the court that the defendant did not personally receive notice of the summons in time to defend and has a potentially meritorious defense (see CPLR 317; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141-142; Acqua Capital, LLC v Camarella Contr. Co., Inc., 164 AD3d 1197, 1198; Gershman v Midtown Moving & Stor., Inc., 123 AD3d 974, 975). Here, the seller was not entitled to relief pursuant to CPLR 317 since he failed to demonstrate that he did not receive actual notice of the summons and complaint in time to defend the action (see CPLR 317; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d at 142; Jing Shan Chen v R & K 51 Realty, Inc., 148 AD3d 689, 691).
A defendant seeking to vacate a default in answering or appearing upon the grounds of excusable default pursuant to CPLR 5015(a)(1) must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d at 141; HSBC Bank USA, N.A. v Smart, 155 AD3d 843, 843). Here, we agree with the Supreme Court's determination that the seller's excuse for not answering or appearing was "tenuous at best." Moreover, even if the seller had demonstrated a reasonable excuse for his default, he failed to offer a potentially meritorious defense to the action (see generally Bank of N.Y. Mellon Trust Co., N.A. v Sukhu, 163 AD3d 748, 751). Where, as here, a provision in a contract for the sale of real property provides that in the event the seller cannot convey a clear title, the seller may refund the buyer's deposit and cancel the contract, that limitation contemplates the existence of a situation beyond the control of the parties and implicitly requires the seller to act in good faith (see Karl v Kessler, 47 AD3d 681, 682; Sevilla v Valiotis, 29 AD3d 775, 776; Naso v Haque, 289 AD2d 309, 310). Here, as the court ruled, the record does not show that the seller made any effort to clear title, which ultimately was successfully and relatively easily cleared by the buyer.
Accordingly, we agree with the Supreme Court's determination denying the seller's motion to vacate the default judgment.
MASTRO, J.P., AUSTIN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court