Bayview Loan Servicing, LLC v Cave (2019 NY Slip Op 03756)





Bayview Loan Servicing, LLC v Cave


2019 NY Slip Op 03756


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
HECTOR D. LASALLE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-02140
 (Index No. 13813/13)

[*1]Bayview Loan Servicing, LLC, respondent, 
v
John Cave, etc., et al., defendants, Nancy Cave, etc., appellant.


Borah, Goldstein, Altschuler, Nahins & Goidel, P.C., New York, NY (Paul N. Gruber of counsel), for appellant.
Shapiro, DiCaro & Barak, LLC, Rochester, NY (Austin T. Shufelt of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Nancy Cave appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered December 21, 2016. The order denied that defendant's motion pursuant to CPLR 5015(a) and 317 to vacate an order of reference of the same court entered September 12, 2016, and, in effect, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her.
ORDERED that the order entered December 21, 2016, is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Nassau County, for a hearing in accordance herewith and, thereafter, a new determination of the motion of the defendant Nancy Cave.
On November 15, 2013, the plaintiff's predecessor in interest, JPMorgan Chase Bank, National Association (hereinafter JPMorgan), commenced this action to foreclose a mortgage on residential real property owned by the defendants John Cave (hereinafter John) and Nancy Cave (hereinafter Nancy). On or about October 22, 2014, JPMorgan moved, ex parte, for an extension of time to serve Nancy with the summons and complaint and for permission to serve her by publication. JPMorgan's process server averred that, upon visiting the subject property in November 2013, he observed that the "house [was] vacant," and noted that "there [was] no electric meter it was ripped out." The process server also averred that Nancy could not be located through searches of various databases or through any other investigative techniques. The process server claimed that he was able to contact Nancy by phone on one occasion, but Nancy responded that she had "walked away from the premises" and would not disclose her location.
In an order entered May 27, 2015, the Supreme Court authorized JPMorgan to serve Nancy by publication. On or about March 8, 2016, JPMorgan moved, inter alia, for an order of reference, which motion was granted by order entered September 12, 2016. Subsequently, the caption was amended to substitute the plaintiff in place of JPMorgan.
By order to show cause dated October 7, 2016, Nancy moved pursuant to CPLR 5015(a) and 317 to vacate the order of reference and, in effect, pursuant to CPLR 3211(a)(8) to [*2]dismiss the complaint insofar as asserted against her. In an affidavit, Nancy averred that she and John bought the subject property in 1993 and subsequently divorced in March 2010. Although John had not lived at the property since 2008, Nancy and her daughter continuously resided at the property, including in November 2013, when the action was commenced. Nancy denied the process server's averment that the house was vacant and that the electric meter had been " ripped out.'" Nancy also denied ever speaking to a process server by telephone. In addition, Nancy submitted records from PSEG Long Island and Optimum which purportedly showed that the property was receiving electricity and cable at the time the process server claimed he visited the property.
The plaintiff opposed Nancy's motion. In an order entered December 21, 2016, the Supreme Court denied Nancy's motion in its entirety. Nancy appeals.
"CPLR 308(5) provides that service of process upon a natural person may be effected in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of this section[,]' which provide for service by personal delivery, delivery and mail, and nail and mail, respectively" (Contimortgage Corp. v Isler, 48 AD3d 732, 734). Whether service is impracticable "depends on the facts and circumstances surrounding each case" (Liebeskind v Liebeskind, 86 AD2d 207, 210, affd 58 NY2d 858; see Astrologo v Serra, 240 AD2d 606, 606). To be entitled to relief pursuant to CPLR 308(5), a plaintiff need not satisfy the more stringent standard of "due diligence" required under CPLR 308(4) (see Kelly v Lewis, 220 AD2d 485, 485; see also Astrologo v Serra, 240 AD2d at 606).
Here, Nancy's affidavit and the other documentation submitted in support of her motion raised a question of fact as to whether it was impracticable for the plaintiff to serve her with the summons and complaint pursuant to CPLR 308(1), (2), or (4), such that the plaintiff was entitled to an alternative method of court-authorized service pursuant to CPLR 308(5). Under these circumstances, the Supreme Court should not have determined Nancy's motion without first conducting a hearing (see U.S. Bank, N.A. v Tauber, 140 AD3d 1154, 1156; Wells Fargo Bank, N.A. v Final Touch Interiors, LLC, 112 AD3d 813, 814).
Accordingly, we remit the matter to the Supreme Court, Nassau County, for a hearing on the issue of whether service pursuant to CPLR 308(1), (2), or (4) was impracticable, such that the plaintiff was entitled to an alternative method of court-authorized service pursuant to CPLR 308(5), and, thereafter, a new determination of Nancy's motion.
MASTRO, J.P., LASALLE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court