Wells Fargo Bank, NA v Patel (2019 NY Slip Op 06532)





Wells Fargo Bank, NA v Patel


2019 NY Slip Op 06532


Decided on September 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2017-09358
 (Index No. 11204/11)

[*1]Wells Fargo Bank, NA, etc., respondent, 
v
Bhargavi Patel, appellant, et al., defendants.


Cardenas Islam & Associates, PLLC, Jamaica, NY (Barak P. Cardenas of counsel), for appellant.
Rosicki, Rosicki & Associates, P.C., Plainview, NY (Shawn A. Brenhouse of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Bhargavi Patel appeals from an order of the Supreme Court, Queens County (David Elliot, J.), entered August 3, 2017. The order, insofar as appealed from, in effect, upon reargument, adhered to a prior determination in an order of the same court entered April 26, 2017, denying that defendant's motion pursuant to CPLR 5015(a) to vacate a judgment of foreclosure and sale dated September 9, 2016, and a foreclosure sale conducted on January 13, 2017.
ORDERED that the order entered August 3, 2017, is affirmed insofar as appealed from, with costs.
In May 2011, the plaintiff commenced this action against, among others, the defendant Bhargavi Patel (hereinafter the defendant), to foreclose a mortgage on certain property located in Queens. In an order dated April 16, 2012, the Supreme Court authorized the plaintiff to serve the defendant by publication. After service was completed and the defendant failed to answer the complaint or otherwise appear in this action, the plaintiff moved for an order of reference. In an order dated June 1, 2015, the court granted the motion. A judgment of foreclosure and sale was issued on September 9, 2016, and the subject property was sold on January 13, 2017. The defendant subsequently moved pursuant to CPLR 5015(a) to vacate the judgment of foreclosure and sale and the foreclosure sale. In an order dated April 27, 2017, the court denied the motion. In May 2017, the defendant moved, in effect, for leave to reargue her motion. In the order appealed from, the court, in effect, granted reargument and, thereupon, adhered to its prior determination. The defendant appeals.
Contrary to the defendant's contention, she failed to demonstrate that the Supreme Court lacked personal jurisdiction over her based upon service by publication (see CPLR 5015[a][4]). "CPLR 308(5) provides that service of process upon a natural person may be effected in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of this section[,] which provide for service by personal delivery, delivery and mail, and nail and mail, respectively" (Contimortgage Corp. v Isler, 48 AD3d 732, 734 [internal quotation marks omitted]). Whether service is impracticable "depends on the facts and [*2]circumstances surrounding each case" (Liebeskind v Liebeskind, 86 AD2d 207, 210, affd 58 NY2d 858; Astrologo v Serra, 240 AD2d 606, 606). To be entitled to relief pursuant to CPLR 308(5), a plaintiff need not satisfy the more stringent standard of due diligence required under CPLR 308(4) (see Bayview Loan Servicing, LLC v Cave, 172 AD3d 985; Kelly v Lewis, 220 AD2d 485, 485). Here, the court providently exercised its discretion in directing service by publication as an alternative method for service of process upon the defendant (see State St. Bank & Trust Co. v Coakley, 16 AD3d 403, 403; Home Fed. Sav. Bank v Versace, 252 AD2d 480, 481; cf. Contimortgage Corp. v Isler, 48 AD3d at 734).
Additionally, the defendant was not entitled to discretionary vacatur pursuant to CPLR 5015(a)(1) as she failed to demonstrate a reasonable excuse for her default (see PHH Mortg. Corp. v Muricy, 135 AD3d 725, 727).
Further, the defendant failed to meet her burden of establishing fraud, misrepresentation, or other misconduct on the part of the plaintiff that would warrant vacatur of the judgment of foreclosure and sale pursuant to CPLR 5015(a)(3) (see Kondaur Capital Corporation v Stewart, 166 AD3d 748, 750; Bank of New York Mellon Trust Company, N.A. v Sukhu, 163 AD3d 748, 751).
Accordingly, we agree with the Supreme Court's determination, in effect, upon reargument, to adhere to its prior determination denying the defendant's motion to vacate the judgment of foreclosure and sale and the foreclosure sale.
RIVERA, J.P., ROMAN, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court