Fontanez v PV Holding Corp. (2020 NY Slip Op 02173)





Fontanez v PV Holding Corp.


2020 NY Slip Op 02173


Decided on April 2, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 2, 2020

Renwick, J.P., Richter, Mazzarelli, Singh, JJ.


11338 300592/16

[*1]Madeline Fontanez, Plaintiff-Respondent,
v
PV Holding Corp., et al., Defendants-Appellants.


Schenck, Price, Smith & King, LLP, New York (Thomas N. Gamarello of counsel), for appellant.
Pollack, Pollack, Isaac & DeCicco, New York (Christopher J. Soverow of counsel), for respondent.



Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered March 26, 2019, which granted plaintiff's motion for service of her complaint against defendant Xiang Yu under CPLR 308(5) and directed service to be made on Yu by substituted service on his insurer, defendant PV Holding Corp., unanimously affirmed, with costs.
The motion court properly determined that service upon Mr. Yu pursuant to CPLR 308(1), (2), or (4) was impracticable. Plaintiff served the summons and complaint on the Secretary of State of New York and mailed notice of this service with a copy of the pleadings to defendant Yu by registered mail to his last known address. She also hired a process server, who attempted to obtain Mr. Yu's address through the Department of Motor Vehicles and through people search databases, including "Premium People Search" and "IRB Search." Further, the motion court properly concluded that plaintiff's attempts to serve through the Chinese Central Authority in accordance with the Hague convention would have been futile because she did not have defendant's correct address (see Born To Build, LLC v Saleh, 139 AD3d 654, 656 [2d Dept 2016]). Plaintiff was not required to show due diligence to meet the impracticability threshold under CPLR 308(5) (see Franklin v Winard, 189 AD2d 717 [1st Dept 1993]).
The motion court properly directed that alternate service be made on defendant PV Holding as real party in interest, even if neither the attorney nor the insurer had knowledge of defendant's Yu's whereabouts (see Matter of New York City Asbestos Litig., 116 AD3d 571 [1st Dept 2014], lv dismissed 23 NY3d 1030 [2014]; Cives Steel Co. v Unit Bldrs., 262 AD2d 164 [1st Dept 1999]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 2, 2020
CLERK