Shchukin OU v Iseev (2021 NY Slip Op 03428)





Shchukin OU v Iseev


2021 NY Slip Op 03428


Decided on June 01, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 01, 2021

Before: Kern, J.P., Moulton, González, Scarpulla, JJ. 


Index No. 150005/20, 155936/16, 595166/17 Appeal No. 13975,13976,13976A Case No. 2020-04316, 2021-00547, 2020-03664, 2020-04837 

[*1]Shchukin OU et al., Plaintiffs-Appellants,
v
Rustam Iseev, Defendant-Respondent. _ Shchukin House OU, Plaintiff-Appellant,


Weingrad & Weingrad PC, New York (Stephen Weingrad of counsel), for appellants.
Law Office of Irina Frolova, New York (Irina Frolova of counsel), for respondent.



Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about October 30, 2019, which granted defendant's motion for sanctions pursuant to CPLR 3126 striking the complaint and third-party answer in the first action for failure to comply with discovery, unanimously affirmed, without costs. Order, same court and Justice, entered August 17, 2020, which denied the motion of plaintiff/third party defendant to renew and granted defendant's request for sanctions against their attorney, unanimously affirmed, without costs. Orders, same court and Justice, entered August 17, 2020 and on or about October 1, 2020, which, to the extent appealed from as limited by the briefs, granted defendant's motion to dismiss the complaint in the second action for lack of personal jurisdiction, granted defendant's motion for sanctions against plaintiff's attorney, and directed that defendant shall recover $32,035 from plaintiff's attorney, unanimously affirmed, without costs.
The motion court providently exercised its discretion in striking the complaint and third-party answer in the first action. The record demonstrates that plaintiff and third-party defendant Shchukin willfully and contumaciously failed to meaningfully comply with their discovery obligations (see e.g. SW Prods., Inc. v CBGB Festival, LLC, 172 AD3d 593 [1st Dept 2019]; Eli Cabinetry, Inc. v P.C. Consulting Mgt. Corp., 158 AD3d 482 [1st Dept 2018]).
In the second action, the court properly determined that the ex parte order permitting alternate service was not reasonably calculated to apprise defendant of the action (see CPLR 308[5]; see e.g. Contimortgage Corp. v Isler, 48 AD3d 732, 734 [2d Dept 2008]). The court also properly granted costs to defendants in the second action
in light of the frivolous conduct of plaintiffs and their attorney (22 NYCRR 130—1.1).
We have considered the remaining arguments of plaintiffs and third-party defendant Shchukin and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 1, 2021