U.S. Bank N.A. v Mangroo (2021 NY Slip Op 07021)





U.S. Bank N.A. v Mangroo


2021 NY Slip Op 07021


Decided on December 15, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 15, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
BETSY BARROS
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.


2020-01106
 (Index No. 17714/08)

[*1]U.S. Bank National Association, etc., appellant, 
v
Mahendranauth Mangroo, et al., defendants, Maureen Manoo, respondent.


Reed Smith LLP, New York, NY (Michael V. Margarella and Andrew B. Messite of counsel), for appellant.
Biolsi Law Group, P.C., New York, NY (Steven Alexander
Biolsi of counsel), for respondent and defendant Mahendranauth Mangroo.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Bernice D. Siegal, J.), entered October 2, 2019. The order, insofar as appealed from, after a hearing to determine the validity of service of process, granted those branches of the motion of the defendant Maureen Manoo which were pursuant to CPLR 5015(a) to vacate an order and judgment of foreclosure and sale (one paper) of the same court entered April 16, 2010, upon her failure to appear or answer the complaint, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In July 2008, the plaintiff commenced this action against the defendant Maureen Manoo (hereinafter the defendant) and others to foreclose a mortgage on certain real property located in Queens. In October 2008, the plaintiff moved, inter alia, to permit service on the defendant by publication and to appoint a guardian ad litem on her behalf, contending that the defendant could not be located for service by other means. The Supreme Court granted the motion by order entered November 6, 2008. Upon the defendant's subsequent failure to appear in the action, the court entered an order and judgment of foreclosure and sale on April 16, 2010.
In September 2017, the defendant moved, inter alia, pursuant to CPLR 5015(a) to vacate the order and judgment of foreclosure and sale and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction, contending that she had never been served with process. By order entered January 23, 2018, the court directed a hearing to determine the validity of service of process. After the hearing, which took place on June 11, 2019, the court, by order entered October 2, 2019, granted those branches of the defendant's motion which were to vacate the order and judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction. The plaintiff appeals.
At a hearing to determine the validity of service of process upon a defendant, the plaintiff bears the burden of establishing the court's personal jurisdiction over that defendant by a [*2]preponderance of the credible evidence (see Wilmington Tr. Co. v Gewirtz, 193 AD3d 1110, 1110; Eastern Sav. Bank, FSB v Campbell, 167 AD3d 712, 714).
Here, viewing the evidence in its totality, the plaintiff failed to prove by a preponderance of the evidence that jurisdiction over the defendant was obtained by proper service of process (see Eastern Sav. Bank, FSB v Campbell, 167 AD3d at 714; Contimortgage Corp. v Isler, 48 AD3d 732, 733-735). While the Supreme Court had previously authorized service upon the defendant by publication, the plaintiff failed, at the hearing, to establish that service was impracticable under CPLR 308(1), (2), and (4) (see CPLR 308[5]), and there was no evidence that the defendant was evading service (see Contimortgage Corp. v Isler, 48 AD3d at 734-735). The hearing court's determination as to the credibility of the witnesses is entitled to deference since the hearing court had the advantage of seeing and listening to those witnesses (see Cadlerock Joint Venture, L.P. v Kierstedt, 119 AD3d 627, 629).
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court properly granted those branches of the defendant's motion which were to vacate the order and judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction.
CHAMBERS, J.P., BARROS, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court