| |
|---|
| **Pittman v Pandora Media, LLC** |
| 2026 NY Slip Op 31029(U) |
| March 18, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 156048/2025 |
| Judge: Kathleen Waterman-Marshall |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| **PRESENT:** | **HON. KATHLEEN WATERMAN-MARSHALL** | **PART** | **31M** |

*Justice*

--------------------------------------------------------------------------------X

JEFFREY S PITTMAN, JEFFREY S. PITTMAN, ERIN E MACK,

| | |
|---|---|
| **INDEX NO.** | 156048/2025 |
| **MOTION DATE** | 01/28/2026 |
| **MOTION SEQ. NO.** | 005 |

Plaintiff,

- v -

PANDORA MEDIA, LLC,DITTO LTD., SIRIUS XM HOLDINGS INC.,

**DECISION + ORDER ON MOTION**

Defendant.

--------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 005) 72, 73, 74, 75, 76, 77, 78, 79, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91

were read on this motion to/for                    ALTERNATE SERVICE                    .

Upon the foregoing documents, the motion by plaintiffs Jeffrey S. Pittman and Erin Mack ("Plaintiffs") for leave to serve defendant Ditto Ltd. ("Ditto") by email and overnight mail, is granted.

## Background

In brief and broad strokes, as alleged in the pleadings, Plaintiffs are independent music creators and performers who create, perform and distribute children's music. In connection with their work, Plaintiffs allegedly signed up for distribution services with Ditto, a United Kingdom music distributor. It is further alleged that Ditto distributed Plaintiffs' music to defendant Pandora Media LLC ("Pandora") for streaming on its platforms; Pandora is an alleged subsidiary of defendant Sirius XM Holdings Inc. ("Sirius") (*see* Complaint, NYSCEF Doc. No. 1). In May of 2025, Plaintiffs commenced this action to recover damages caused by Ditto's alleged defamatory statement about Plaintiffs' alleged fraudulent streaming activity on their content and Ditto's consequent decision to permanently close Plaintiffs' account and remove all their content from the platforms (*id*.).

Plaintiffs effectuated service of the original summons and complaint upon Pandora and Sirius in May 2025 (NYSCEF Doc. Nos. 16-18). Those defendants timely sought removal of the matter to the federal trial court, which request was denied (NYSCEF Doc. Nos. 19, 24); and then moved to dismiss the original summons and complaint upon the grounds that, *inter alia*, Ditto, a necessary party, had not been served with the complaint (NYSCEF Doc. Nos. 34-38). In response, Plaintiffs filed an Amended Summons and Complaint (NYSCEF Doc. No. 39-40), and moved for an extension of time to serve Ditto, a U.K. company, by the Hague Convention (NYSCEF Doc. No. 44-48). Pandora and Sirius then moved for an extension of time to answer or move against the Amended Summons and Amended Complaint (NYSCEF Doc. Nos. 49-55).

[* 1]

By Decision and Order dated September 30, 2025 (NYSCEF Doc. Nos. 67-69), this Court, *inter alia*: (1) granted Plaintiffs an extension of time to serve Ditto with the Amended Summons and Amended Complaint to March 10, 2026, and directed them to file to NYSCEF the affidavit(s) of service showing service in accordance with the Hague Convention; (2) granted Pandora and Sirius an extension of time to answer or move against the Amended Complaint to 45 days from the date Plaintiffs file the affidavit(s) of service upon Ditto; and (3) resolved Pandora and Sirius' motion to dismiss the original complaint as moot.

At bottom, the expected result of all of the preliminary motion practice was that Pandora and Sirius, as well as Ditto, would answer or move against the Amended Complaint within 45 days of March 10, 2026 (or by April 24, 2026). Naturally, all discovery is stayed until such time as any pleadings dismissal motions are decided and issue is joined (*see Bd. of Managers of Carriage House Condo. v Healy,* 195 AD3d 403, 403 [1st Dept 2021] ["Upon defendants' service of a pre-answer motion to dismiss pursuant to CPLR 3211, discovery in the action was automatically stayed (see CPLR 3214[b])"]).

Unfortunately, however, Plaintiffs have been unsuccessful in their attempt to serve Ditto in accordance with the Hague Convention by March 10, 2026. Specifically, HM Courts & Tribunals Service, the entity engaged by Plaintiffs to effect service at Ditto's registered office address at 29-31 Parliament Street in Liverpool, England, certified that it was "unable to gain access" to the premises. This motion for leave to serve Ditto by email, pursuant to CPLR 311(b), ensued (NYSCEF Doc. Nos. 72-79).

In support of the motion, Plaintiffs demonstrate that they attempted service in accordance with the Hague Convention; that such service failed; and that they have corresponded with Ditto at two identifiable email addresses, which they assert may be used to serve the pleadings. In opposition, Pandora and Sirius argue that a single attempt at personal service is insufficient to satisfy the Hague Convention and that Ditto's e-mail responses to Plaintiffs may be auto-generated AI responses, thus demonstrating that the email addresses may not be viable alternative methods of service.

**Discussion**

Although "service of process by e-mail is not directly authorized by either the CPLR or the Hague Convention, it is not prohibited under either state or federal law, or the Hague Convention, given appropriate circumstances" (*Alfred E. Mann Living Tr. v ETIRC Aviation S.a.r.l.,* 78 AD3d 137, 141-142 [1st Dept 2010] [recognizing that New York courts and federal courts have "authorized e-mail service of process as an appropriate alternative method when the statutory methods have proven ineffective" (collecting cases)]). Under the CPLR, a plaintiff must only demonstrate that service by the methods in CPLR 308(1) (personal), (2) (suitable age and discretion), and (4) (nail and mail) is "impracticable" before the court will permit alternate means of service (*Home Fed. Sav. Bank v Versace,* 252 AD2d 480, 480-481 [2d Dept 1998] [explaining that impracticability "does not require the applicant to satisfy the more stringent standard of 'due diligence' under CPLR 308(4), or to make a showing that 'actual prior attempts to serve a party under each and every method of the statute have been undertaken'"]).

**156048/2025  PITTMAN, JEFFREY S ET AL vs. PANDORA MEDIA, LLC ET AL**  **Page 2 of 4**
**Motion No.  005**

2 of 4

Here, Plaintiffs have demonstrated that they attempted personal service upon Ditto in accordance with the Hague Convention at Ditto's registered office address, but that such attempt failed due to the process server's inability to gain access. In this Court's considered view, this satisfied Plaintiff's obligation to attempt to effectuate personal service on Ditto. The court's decision in *Yolanda Management Corp. v Microalgo, Inc.*, 2025 WL 1070453, at *7 (New York Sup. Ct. 2025), does not compel a different conclusion. In *Yolanda Management Corp.*, the Commercial Division Justice declined to permit alternate email service upon the individual defendant in China because, although plaintiff's initial attempts to serve the defendant were at incomplete addresses, the defendant had "disclosed his Beijing Address in a public SEC filing, and there is no indication that service on this address is impracticable" (*id.*). Here, to the contrary, Plaintiffs have attempted to serve Ditto at its registered office address, and have shown that such service is impracticable.

The Court is cognizant of the potential pitfalls of permitting Plaintiffs to serve Ditto at its two email addresses – investigations@dittomusic.com and support@dittomusic.com – insofar as these addresses appear to be for general customer inquiries and not specific corporate email addresses of Ditto's authorized agents or representatives. However, given Plaintiffs' showing that they received responses from these identified email addresses – which Ditto itself holds out as proper means by which to communicate with it – a court could readily conclude that service by e-mail at these addresses is "reasonably calculated, under all the circumstances, to apprise the defendants of the action brought against them" (*Snyder v Alternate Energy Inc.*, 19 Misc3d 954, 962 [Civ. Ct. New York County 2008] [citing *Dobkin v Chapman,* 21 NY2d 490, 505 [1968]).

Consequently, Plaintiffs' motion for an order permitting it to serve Ditto via email is granted. However, to ensure that Ditto obtains notice of this action, the Court directs Plaintiffs to meet several conditions for email service upon Ditto, and to additionally serve it via international, certified and/or guaranteed mail, all with proof of service.

In addition, all defenses, including lack of personal jurisdiction and improper service, are preserved for each of the defendants, and not waived. Defendants also have the right to seek any other or further relief for Plaintiffs' failure to comply with the directives herein.

Accordingly, it is hereby

**ORDERED** that that Plaintiffs' motion for an order permitting alternate service of the amended pleadings upon Ditto Ltd. is granted; and it is further

**ORDERED** that Plaintiffs shall serve Ditto Ltd. with the Amended Summons and Amended Complaint, together with a copy of this Decision and Order, at investigations@dittomusic.com and support@dittomusic.com by March 20, 2026; and it is further

**ORDERED** that Plaintiffs shall, no later than March 20, 2026, serve Ditto Ltd. with the Amended Summons and Complaint, together with a copy of this Decision and Order, by international certified and/or guaranteed mail to its registered office address in Liverpool, England; and it is further

[* 3]

**ORDERED** that Plaintiffs shall, no later than March 27, 2026, file proof of email service upon Ditto, consisting of: (1) an affidavit outlining such service; (2) copies of Plaintiffs emails transmitting the pleadings and this Decision and Order to Ditto at its email addresses; and (3) any delivery/read receipts or other objective evidence of receipt from Ditto; and it is further

**ORDERED** that Plaintiffs shall, no later than March 27, 2026, file proof of international certified and/or guaranteed mail upon Ditto Ltd., consisting of: (1) an affidavit outlining such service; (2) copies of the international certified and/or guaranteed mailing receipts, together with any proof of receipt and/or delivery by Ditto at its registered address; and it is further

**ORDERED** that the time for Pandora Media LLC and Sirius XM Holdings Inc. to answer or move against the Amended Complaint is extended to **45 days** after the date Plaintiffs file to NYSCEF the proof of service upon defendant Ditto Ltd.; and it is further

**ORDERED** that all discovery is stayed until such time as any pleadings dismissal motions are decided and issue is joined.

| | |
|---|---|
| **3/18/2026** | |
| **DATE** | **KATHLEEN WATERMAN-MARSHALL, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**156048/2025   PITTMAN, JEFFREY S ET AL vs. PANDORA MEDIA, LLC ET AL**          **Page 4 of 4**
**Motion No.  005**

4 of 4