[782 NYS2d 108]

In the Matter of MITCHELL KIRK KLAFTER, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, September 20, 2004

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Robert J. Saltzman* of counsel), for petitioner.

*Hankin, Handwerker & Mazel*, New York City (*Michael Handwerker* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition dated January 7, 2003, containing two charges of professional misconduct. After a hearing on May 2, 2003, Special Referee Albert A. Blinder sustained both charges. The petitioner now moves to confirm the Special Referee's report and to impose such discipline as the Court deems appropriate. The respondent has submitted his own motion in which he moves to confirm the Special Referee's report and asks the Court to consider the mitigation presented and to limit the sanction imposed to a private censure.

Charge One alleges that the respondent engaged in an act of solicitation of professional employment, in violation of Code of Professional Responsibility DR 2-103 (b) (22 NYCRR 1200.8 [b]), DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]) and Judiciary

Law § 482. In or about October 1996, the respondent paid a man, whom he knew to be a nonattorney, the sum of $300 in cash for the referral of the personal injury case of an alleged accident victim.

Charge Two alleges that the respondent filed a document with the Office of Court Administration (hereinafter OCA) containing false and misleading information, in violation of Code of Professional Responsibility DR 1-102 (a) (4) and (5) (22 NYCRR 1200.3 [a] [4], [5]). On or about October 29, 1996, the respondent filed a retainer statement with OCA for the client in which he falsely stated that the source of the referral was "Client walked in to office."

Based on the evidence adduced at the hearing, including the respondent's admissions that he paid a nonattorney to refer a personal injury matter to him and then filed a false and inaccurate retainer statement with OCA, the Special Referee sustained both charges. The motions to confirm the Special Referee's findings are granted.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider that by pleading guilty to the charges, he has accepted full responsibility for his actions. He also continues to express sincere and profound remorse. The charge to which the respondent pleaded guilty on February 22, 2000, before the Honorable Thomas Farber of the Criminal Court of the City of New York, Kings County, was a violation of Penal Law § 100.00, criminal solicitation in the fifth degree. He received a conditional discharge. Criminal solicitation in the fifth degree is a violation, which is defined by Penal Law § 10.00 (3) as "an offense, other than a 'traffic infraction,' for which a sentence to a term of imprisonment in excess of fifteen days cannot be imposed." A violation is not a crime within the meaning of Penal Law § 10.00 (6). The respondent's plea emanated from his prosecution for violating Judiciary Law § 482, which makes it unlawful for an attorney to employ any person for the purpose of soliciting or aiding, assisting, or abetting in the solicitation of legal business or the procurement through solicitation, either directly or indirectly, of a retainer, written or oral, or of any agreement authorizing the attorney to perform or render legal services.

The respondent submits that by virtue of his guilty plea, his cooperation with the petitioner, and the character evidence presented, it is evident that he would not repeat his misconduct if the circumstances presented themselves. Moreover, his profes-

sional misconduct was an isolated act in an otherwise unblemished legal career. The respondent points out that he did not initiate his misconduct, and his misconduct did not result in injury to any clients.

The respondent asks the Court to consider his dedication to civic and charitable causes as well as the traumatic events he was undergoing at the time. The respondent was endeavoring to develop his litigation practice and had recently bought a new home for his family, straining his finances. During this time, his daughter was diagnosed with a serious medical problem. This resulted in increased medical bills. The pressures of dealing with a sick child placed a strain on the respondent's marriage.

As a result of his arrest, the respondent was subjected to adverse publicity and embarrassment. He submits that he has suffered enough publicly and asks for the imposition of a private censure.

Notwithstanding the mitigation offered, the respondent's misconduct involved an arrest and a violation of the Penal Law. Under the totality of circumstances, he is publicly censured for his professional misconduct.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and CRANE, JJ., concur.

Ordered that the motions to confirm the Special Referee's report are granted; and it is further,

Ordered that the respondent, Mitchell Kirk Klafter, is publicly censured for his professional misconduct.