| Forman v English |
| :---: |
| 2026 NY Slip Op 30814(U) |
| March 4, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 952318/2023 |
| Judge: Adam Silvera |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

## SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:  **HON. ADAM SILVERA**  
_Justice_

PART  01M

-------------------------------------------------------------------X

KELLY FORMAN,

Plaintiff,

- v -

TODD ENGLISH, WENJIE SONG,

Defendant

-------------------------------------------------------------------X

INDEX NO.  952318/2023

MOTION DATE  1/22/2026

MOTION SEQ. NO.  008

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 008) 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, **104**

were read on this motion to/for

EXTEND - TIME

This Adult Survivors Act (ASA) case arises out of alleged sexual assault of plaintiff Kelly Forman (Plaintiff) by defendants Todd English (Defendant) and Wenjie Song. Plaintiff now moves for an extension of time to effectuate service on Defendant and permission to serve him via alternate means.

The relevant procedural posture is as follows: Plaintiff filed a motion for default judgement, and Defendant cross-moved to dismiss for lack of personal jurisdiction due to allegedly defective service of process. On May 12, 2025, Justice Shlomo S. Hagler issued a decision and order "directing that a traverse hearing be held on the issue of personal service on defendant Todd English," and ordering that the default motion and dismissal motion "shall be held in abeyance pending submission of the Report of the JHO/Special Referee and the determination of the court thereon." _See_ NYSCEF do. No. 70. On May 29, 2025, Plaintiff brought the instant motion.

Plaintiff argues that she has met her burden to establish that an extension of time to effectuate service is warranted both for good cause shown and in the interest of justice pursuant to

[* 1]

CPLR 306-b. Plaintiff argues that the Court must consider the realities of effectuating service upon Defendant, a celebrity chef with multiple international addresses. Plaintiff outlines that she attempted multiple times to effectuate service in various partes of the country. For the same reasons, she argues she should be permitted to serve Defendant via alternate means. In opposition, Defendant argues that Plaintiff cannot circumvent the previously directed traverse hearing. Defendant also argues that Plaintiff has not established circumstances entitling her to service via alternate means and that Defendant is entitled to attorneys' fees for opposing Plaintiff's motion.

## I. Extension of Time to Serve

CPLR 306-b provides that if a plaintiff does not timely serve a defendant, the Court may extend the time for service of the summons and complaint "upon good cause shown or in the interest of justice." Under the "good cause" standard, a plaintiff must make a "threshold" showing that plaintiff made reasonably diligent efforts to make timely service. *Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 104 (2001). The "interest of justice" standard permits the Court to review a number of factors, including "diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant." *Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 105-06 (2001).

Plaintiff has demonstrated due diligence. Her attorney's affirmation details many attempts to effectuate service: (1) through his apparent/former counsel; and by engaging by engaging a nationwide process server company, Proof Serve to serve him (2) at his restaurant in Boston, Massachusetts; and (3) at a dwelling in Las Vegas, Nevada, on different dates and at different timeframes, together with a mailing via First Class Mail.. *See* NYSCEF doc. nos. 73; *see also* 82

[* 2]

(affirmation of non-service), 83 (affirmation of service). Through attempts to serve and motion practice, Plaintiff has shown her interest in prosecuting this matter. Further, the interest of justice factors weigh in Plaintiff's favor. The statute of limitations has run on Plaintiff's underlying claims and the revival window pursuant to the ASA has now lapsed. Under these circumstances, extending time to effectuate service is warranted. *See Fernandez v McCarthy*, 183 AD3d 539, 540 (1st Dept 2020) (affirming trial court's granting of the plaintiff's motion pursuant to CPLR 306-b where the plaintiff's claims would "otherwise be lost to the running of the statute of limitations," "seem[] to be potentially meritorious," and the "defendants have not established that they would suffer substantial prejudice from the extension, where they had actual notice of this action and the allegations against them from early on").

Defendant's argument that Plaintiff cannot circumvent the previously directed traverse hearing by seeking an extension of time to serve fails. The First Department, Appellate Division has found that a trial court "…improvidently exercised its discretion in not allowing plaintiff to re-serve respondents in the interest of justice" even *after* a traverse hearing was held in which the Court found improper service. *De Vries v Metro. Tr. Auth.*, 11 AD3d 312, 313 (1st Dept 2004). It would not serve judicial economy to adopt Defendant's proposal that the Court hold a traverse hearing before considering the relief sought by Plaintiff, especially when even an adverse finding in such hearing would not prevent this Court from permitting an extension of time to serve.

Accordingly, that part of Plaintiff's motion seeking an extension of time to serve is granted. Plaintiff is permitted a thirty (30) day extension of time to effectuate service upon Defendant. Moreover, this determination upholds "public policy" which "favors adjudication of actions of the merits." *Chase Home Fin., LLC v Adago*, 171 AD3d 533 (1st Dept 2019) (citations omitted).

## II.  Alternate Service

Plaintiff further requests that she be granted to leave to effectuate service via alternative means. CPLR 308 (5) authorizes the court to order alternate service when service under the other subdivisions of the statute is impracticable. The means of alternate service must be "reasonably calculated, under all the circumstances, to apprise" the defendant of the action. *Mullane v Cent. Hanover Bank & Tr. Co.*, 339 US 306, 314 (1950).

Here, Plaintiff has made several attempts to effectuate service on Defendant. Each attempt at service has been refuted by Defendant. Plaintiff demonstrates that neither personal delivery, nor delivery to a person of suitable age and discretion, nor affixing at an actual dwelling place or place of business could be made. Therefore, permitting service via alternate means is appropriate. *See Franklin v Winard*, 189 AD2d 717 (1st Dept 1993) (granting permission to serve the defendant via alternative means where the plaintiff's efforts to ascertain the defendants' whereabouts "through ordinary means… had proven ineffectual").

Court-approved forms of alternative service include service on a defendants' attorney and service by e-mail. *See Alfred E. Mann Living Tr. v ETIRC Aviation S.a.r.l.*, 78 AD3d 137, 142 (1st Dept 2010); *Kelly v Lewis*, 220 AD2d 485, 486 (2d Dept 1995) (directing alternate service on the defendant's attorneys where three unsuccessful attempts were made to serve the defendant at his last known residence). As such, Plaintiff may effectuate proper alternative service in this instance by serving Defendant's current counsel and by e-mail to Defendant. Notably, Defendant has not shown any reason why service though his current counsel and by e-mail would not likely receive the transmitted information.

The Court has considered the parties' remaining arguments and finds them unavailing.

952318/2023  FORMAN, KELLY vs. ENGLISH, TODD ET AL
Motion No.  008

Page 4 of 5

## III.  Conclusion

Accordingly, it is

ORDERED that Plaintiff's motion for an extension of time to serve and to serve defendant Todd English via alternate means is granted; and it is further

ORDERED that Plaintiff's time to serve defendant Todd English is extended 30 days from entry of this Order, and service may be effectuated as detailed herein; and it is further

ORDERED that Justice Hagler's order of referral directing that a traverse hearing be held by a Special Referee is vacated,[1] and Defendant's motion to dismiss for lack of personal jurisdiction is denied as moot, without prejudice to re-file following the expiration of the extension of time to serve; and it is further

ORDERED that a status conference in this matter shall be held on May 19, 2026 at 10:30 a.m. in Room 252 at 60 Centre Street, NY, NY.

The foregoing constitutes the decision and order of the Court.

| 3/4/2026 | | | | |
|---|---|---|---|---|
| DATE | | | ADAM SILVERA, J.S.C. | |

CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION |

| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |

APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER |

CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

---

[1] The Court notes that since the entry of the referral order, Justice Hagler was appointed to the Appellate Division, First Department, and is "unable to hear" this motion affecting his prior order as per CPLR 2221.

952318/2023  FORMAN, KELLY vs. ENGLISH, TODD ET AL
Motion No. 008

Page 5 of 5

[* 5]